LAKE RUSSELL, Warden, Brushy Mountain State Penitentiary,

*v.*

STATE OF TENNESSEE ex rel. William Thomas Arthur.

401 S.W.2d 586.

(*Knoxville,* September Term, 1965.)

Opinion filed November 3, 1965.

GEORGE F. MCCANLESS, Attorney General, and EDGAR P. CALHOUN, Assistant Attorney General, for the Warden.

ANDREW J. EVANS, JR., Knoxville, CREEKMORE, THOMSON & EVANS, Knoxville, and CHARLES W. MARTIN, Oneida, of counsel, for Arthur.

Mr. Chief Justice Burnett delivered the opinion of the Court.

The defendant in error, Arthur, filed a petition for the writ of habeas corpus in the Criminal Court of Morgan County, Tennessee, on November 23, 1964. This petition was duly answered by the Warden and came on to be heard on March 26, 1965, wherein the trial judge held that Arthur had been denied his right of appeal and thus ordered Arthur remanded to the custody of the Sheriff of Hamilton County to await a new trial on the charge contained in the indictment upon which he had originally been convicted. The Warden has appealed and assigned various errors, but the controlling question presented is whether or not the accused, Arthur, is to be granted a new trial when a bill of exceptions was not filed in due time upon his conviction in Hamilton County so that he could perfect his appeal to this Court.

Arthur was indicted by a presentment returned by the Hamilton County grand jury on February 5, 1963,

charging him with murder in the first degree. On February 11, 1963, the case was set upon the arraignment docket, and counsel then appeared on behalf of the petitioner. The arraignment was passed until February 18, at which time Arthur's counsel entered a plea of not guilty and filed a motion requesting that the court appoint a court reporter in accordance with T.C.A. sec. 40-2010, since the State had asked the death penalty in the case, and counsel alleged that Arthur was financially unable to hire a court reporter even though Mr. Dietzen, his attorney who appeared for him, had been employed by Arthur to represent him. On September 16 the trial court in Hamilton County entered an order finding that "defendant is without funds and that said defendant is being represented by an attorney without compensation, and further that said defendant has been informed by the District Attorney General, through his attorney, that the death penalty will be demanded at the trial of this case, it is therefore ordered that said motion be sustained."

The court then in this order appointed a court reporter to make an appearance on the date set for trial and report this case. The court reporter duly appeared and reported the case. On December 10, 1963, the case was tried before a jury and Arthur found guilty of second degree murder and his punishment was fixed at twenty (20) years in the penitentiary. The record shows without doubt that he requested an appeal after the motion for a new trial was overruled, and for reasons not shown in the record the court reporter was not informed by the trial judge or anyone else to transcribe his notes so that a bill of exceptions could be perfected. Arthur's counsel who represented him in the trial court in Hamilton

County was the counsel representing relatives of this man and had been employed by them with the understanding that he would receive a small fee and he was paid $100.00 to be used in the preparation of Arthur's defense. The counsel thus employed was asked to perfect his appeal and went to the court reporter and asked that he transcribe his notes but refused to be responsible for paying the court reporter for his work in thus transcribing this record. The trial court for some reason did not order this court reporter to transcribe this bill of exceptions and thus it was that the time allowed for filing a bill of exceptions was not complied with and Arthur did not have his record perfected so that he could be heard in this Court on a proper bill of exceptions accompanying the technical record.

At the trial of the habeas corpus proceedings herein a number of the facts heretofore related were disclosed. It is the position of the State that since Arthur had counsel of his own choosing and they did not under such circumstances hereinabove related have the bill of exceptions perfected that he cannot now complain, because a narrative bill of exceptions could have been filed within time, and, since he had counsel of his own choosing, there is no "State action". *State ex rel. Dych v. Bomar*, 213 Tenn. 699, 378 S.W.2d 772; *Horton v. Bomar*, 6 Cir., 335 F.2d 583; and *McCoy v. Bomar*, 6 Cir., 333 F.2d 959. The State likewise relies upon an excellent annotation on the question shown by 74 A.L.R.2d 1390-1460, where it is said:

"Since there is general agreement that an appeal in a criminal proceeding is not a necessary element of due process, all courts considering the question have

held that the failure of an employed attorney to perfect an appeal in his client's case does not impair the court's jurisdiction so as to invalidate the conviction.'' 74 A.L.R.2d page 1457.

The factual situation in this record though discloses in the first instance the order of the trial judge in the original proceeding wherein the man was held to be an indigent person and, even though counsel who represented a relative of his had been partially compensated in a very small way to represent this man, this man was really an indigent person as found by the court and was entitled to the benefits of the statute (T.C.A. sec. 40-2010) as found by the trial judge prior to the trial of this case and thus it was in so appointing the court reporter to take this down there was ''State action''. When it appears, as it does herein, that the State did not have this record transcribed so that the man could correctly perfect his appeal it amounts, probably through inadvertance, to depriving this man of his right to an appellate review under the Tennessee statute and decisions, all of which are fully set forth in the opinion of *Coffman v. Bomar,* D.C., 220 F.Supp. 343.

Under such a situation what was said in *Coffman v. Bomar,* supra, applies herein. The Court there said:

''The discriminatory interference by the state through one of its officials, agents or officers with a statutory right of appeal has been held by the Supreme Court (of the United States) to be a violation of the equal protection clause of the Fourteenth Amendment. *Cochran v. Kansas,* 316 U.S. 255, 62 S.Ct. 1068, 86 L.Ed. 1453; *Dowd v. United States ex rel Cook,* 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215. In the Cochran case the peti-

tioner for habeas corpus alleged that his efforts to perfect a statutory appeal from his criminal conviction were frustrated because the prison officials, following prison rules, had suppressed his appeal documents. The Court, in reversing a judgment of the Supreme Court of Kansas [*Cochran v. Amrine*], 153 Kan. 777, 113 P.2d 1048, dismissing the petition for habeas corpus, stated:

" 'The State properly concedes that if the alleged facts pertaining to suppression of Cochran's appeal "were disclosed as being true before the supreme court of Kansas, there would be no question but that there was a violation of the equal protection clause of the Fourteenth Amendment." ' (316 U.S. at pp. 257-258, 62 S.Ct. at pp. 1069-1070.

"In *Dowd v. United States ex rel. Cook*, supra, the district court found in a habeas corpus proceeding that the prisoner, within the six months allowed for an appeal of his conviction as of right under Indiana law, prepared proper appeal papers but that his efforts to file the documents in the state supreme court were frustrated by the warden, acting pursuant to prison rules. In affirming the district court's finding that the prisoner had thus been denied the equal protection of the law under the Fourteenth Amendment, the Supreme Court, citing its opinion in the Cochran case, said:

" 'In this Court the State admits, as it must, that a discriminatory denial of the statutory right of appeal is a violation of the Equal Protection Clause of the Fourteenth Amendment.' (340 U.S. at p. 208, 71 S.Ct. at p. 263.) "

The Court goes on to comment on what authorities in the Dowd and Cochran cases had acted in preventing the appeal and stated that under the facts of the Coffman case this amounted to the same thing. It is our view, due to the factual situation as set out herein, that under these facts the right of appeal had been similarly and likewise prevented by State action. It is for this reason that we must affirm the action of the trial judge in this habeas corpus case in holding that the rights of Arthur had been violated under the equal protection clause of the Fourteenth Amendment and thus the trial judge was correct in holding that the judgment below was void and remanding Arthur to the trial court for retrial.

The order herein will be amplified or amended so as to hold that the judgment herein is void and Arthur be released from the custody of the Warden at Brushy Mountain State Penitentiary and delivered to the custody of the Sheriff of Hamilton County, Tennessee, and if State officials intend to retry the petitioner for the offense out of which the instant proceeding arose they may retry him, otherwise if they do not intend to so retry the petitioner for said offense it is directed that he be released from further custody forthwith.

With such amendment being made to the order herein, it is affirmed and Arthur is remanded as ordered by the trial judge herein to the custody of the Sheriff of Hamilton County where he may be retried under the original action if the authorities wish to do so.