**Louis JONES, Petitioner,**

v.

**Lake F. RUSSELL, Warden, Respondent.**

**Civ. A. No. 2185.**

United States District Court
E. D. Tennessee,
Northeastern Division.

Nov. 27, 1968.

No appearance for petitioner.

David W. McMackin, Asst. Atty. Gen., of Tennessee, Nashville, Tenn., for respondent.

MEMORANDUM OPINION

NEESE, District Judge.

This proceeding for the federal writ of habeas corpus was stayed on June 27, 1968 while the Tennessee Supreme Court acted on the petitioner's appeal from a

denial of his application for the state writ of habeas corpus. 28 U.S.C. § 2254 (b) and (c). Sometime prior to September 12, 1968 an opinion of the Tennessee Supreme Court was filed affirming such denial. State of Tennessee, ex rel. Louis Jones v. Lake F. Russell (1968), unnumbered and unpublished.

The aforementioned opinion relates to the petitioner's initial application of November 7, 1965 for the state writ of habeas corpus. He filed a second petition for the state writ on June 7, 1966. Hearing on this second application was "passed" by the judge of the Criminal Court of Greene County, Tennessee on September 2, 1966, apparently relying on his supposed "* * * inherent right to deny a hearing on the merits until a decision has been reached by the Tennessee Supreme Court. * * *" This Court has heretofore pointed in some detail, see memorandum opinion and order herein of June 6, 1968, to the requirements of Tennessee law in the disposition of applications for the state writ of habeas corpus.

■ Notwithstanding the failure of the lower court judge to comply with the aforementioned statutory requirements, he granted the petitioner an appeal from his adverse action. Thereafter, on December 8, 1967, the Tennessee Supreme Court dismissed such appeal of the petitioner, because there was no final judgment on such second application and remanded the cause to the Criminal Court of Greene County, Tennessee for further disposition. Despite the plain admonitions of this Court, supra, this record is silent as to any further treatment by the trial court of the petitioner's second application. Thus, the petitioner is frustrated by the judge of the aforementioned trial court in his efforts to appeal by the discriminatory lack of compliance with applicable Tennessee statutes and the mandate of the Tennessee Supreme Court. A discriminatory denial of the statutory right of appeal is a violation of the Equal Protection Clause of the Fourteenth Amendment and entitles the victim to issuance of a writ of habeas corpus. Russell v. State (1965), 218 Tenn. 118, esp. 122–124, 401 S.W.2d 586.

Contrary to the situation when this Court's memorandum opinion and order of February 14, 1968 was entered, the petitioner Mr. Jones now has shown circumstances rendering corrective processes of the state of Tennessee ineffective to protect his rights. 28 U.S.C. § 2254(b). His second application for the state writ of habeas corpus has now been pending for some 17 months. The hearing judge thereon has not acted (in so far as this record discloses, despite all this Court stated in its memorandum of June 6, 1968), and the Tennessee Supreme Court refuses to consider his appeal on its merits because of the absence of a final decision of the hearing judge. It required some two and one-half years and resort to the Supreme Court of the United States, Jones v. Russell (1968), 390 U.S. 199, 88 S.Ct. 902, 19 L.Ed.2d 1040, for the petitioner to obtain final action of the Tennessee courts on his initial application for the state writ.

The petitioner claims in his second application and in this Court, *inter alia*, as regards the prosecution against him for rape, that the Criminal Court of Greene County "* * * lacked jurisdiction of the person himself (Louis Jones) also the subject matter because: it was never established that the alleged crime actually happened in Greene County. The records do not show the exact place or scene [sic] the alleged crime occurred. Although the police rode [sic] the injured female prosecutrix witness for two or three days, she was never able to show the spot or place, she was supposed to have been ravished."

"Petitioner contends: that he was parked with Dorothy Wills, in the adjoining County of Cocke. * * *"

"* * * [T]he requirement [in Tennessee] of proof of the venue as laid [in the indictment] is not only a constitutional right of the accused, but also a fact necessary to the jurisdiction of the court. Though venue is not an element of the offense which must be proved be-

yond a reasonable doubt, it is a jurisdictional fact which must be proved by a preponderance of the evidence. * * *" Harvey v. State (1964), 213 Tenn. 608, 612 [2, 3], 376 S.W.2d 497, 498.

█ In the interest of justice, the Court will forthwith order the respondent, having custody of the petitioner Mr. Jones, to show cause within 20 days therefrom why the federal writ of habeas corpus should not be granted, directing the respondent to make a return certifying the true cause of detention. 28 U.S.C. § 2243. Thereafter, the Court contemplates a review of the evidence on the petitioner's criminal trial of May, 1961 to ascertain whether the Criminal Court of Greene County, Tennessee had jurisdiction of the crime of which Mr. Jones was convicted and on the basis of which he is now incarcerated by the respondent.