# DAVID PARKER, Plaintiff in Error, v. LAKE F. RUSSELL, Warden, Tennessee State Penitentiary, Defendant in Error.

## 451 S.W.2d 722.

Court of Criminal Appeals of Tennessee. Nov. 18, 1969.

Certiorari Denied by Supreme Court Feb. 16, 1970.

Dwayne D. Maddox, Huntingdon, for plaintiff in error.

George F. McCanless, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, John L. Williams, Dist. Atty. Gen., Huntingdon, Robert B. Smith, Asst. Dist. Atty. Gen., Savannah, for defendant in error.

## OPINION

DWYER, Judge.

David Parker appeals from the judgment of the Circuit Court of Carroll County dismissing his Petition for Writ of Habeas Corpus filed under the Post-Conviction Procedure Act of 1967 after an evidentiary hearing. He was represented by court-appointed counsel in this hearing.

The record reflect David Parker was convicted in the Circuit Court of Carroll County on November 4, 1965. He was convicted of committing the offense of murder in the second degree, receiving a sentence of confinement to the State Penitentiary for a period of not less than ten nor more than eighteen years. He was represented in this trial by two attorneys, both court appointed.

Petitioner filed his Petition for Writ of Habeas Corpus on September 6, 1968. On September 13, 1968, the

Honorable Judge England of the Circuit Court of Carroll County found petitioner to be an indigent and appointed counsel to represent the petitioner. On September 28, 1968, court-appointed counsel filed an amendment to the petition field by petitioner. Answers to the petition as amended were duly filed by the Attorney General in the Circuit Court of Carroll County.

An evidentiary hearing on the petition and supplemental amended petition was had on September 28, 1968, in the Ciruit Court of Carroll County. In the hearing petitioner testified and in substance related that witnesses were not called in his behalf by his court-appointed attorneys; that there was no motion for a new trial made and no appeal requested by his attorneys; that he asked his attorneys to appeal his conviction; that the trial judge told him he could not file a motion to appeal; that if he did he would deny it; and that his attorneys advised him it would be useless to appeal his conviction. On cross-examination he admitted that he did not know whether witnesses he had claimed his attorneys did not subpoena knew anything about the case. His son, Howard Parker, had furnished him with the names of the witnesses. Howard Parker was called and related that he visited his father in jail and gave him the names of some witnesses he had heard about. Two of these witnesses were called, Eddie P. Edwards and Argo Flake. Both related they knew nothing about the facts of petitioner's case.

The Attorney General called the trial judge and he emphatically denied telling petitioner he would deny his motion for appeal if he made one, denied telling petitioner he could not appeal and denied telling petitioner he would not grant him an appeal. He further related that

he had appointed, in his opinion, two competent attorneys to represent and protect petitioner's rights. He further testified that he felt from proof adduced in the trial that petitioner had committed first degree murder. Mr. William Jones testified he has been engaged in the practice of law since 1963. He was appointed by the General Sessions Judge of Carroll County to represent the petitioner. Later, the Circuit Court Judge appointed him along with Mr. John Williams to represent petitioner in the Circuit Court. He relates that he had numerous conferences with petitioner between the time he was appointed and the time of trial; that he did quite a bit of investigating at the scene of the crime and in the county preparing the defense of petitioner; that during the course of the investigation he interviewed on behalf of petitioner between sixteen and twenty people; that on the morning of the trial petitioner told him he would take second degree murder which the Attorney General declined, saying that they would not settle the case for less than first degree murder; that when the jury brought in the verdict of murder in the second degree he and petitioner and co-counsel felt like they had won the case; that he had discussed with petitioner filing a motion for a new trial; that petitioner did not want to appeal making the statement, "Well, let's go ahead and get the sentencing over with so I can get back to Nashville." (It appears defendant had been convicted of murder and as a result of this offense his parole had been revoked.) He further relates the family of petitioner was happy with the verdict and felt they had won the case. He related on cross-examination that petitioner was fully apprised of his rights in regards to a motion for a new trial and an appeal.

Mr. John Williams, now the District Attorney of the 22nd Judicial District, related he was also appointed by the General Sessions Judge of Carroll County to represent petitioner; that he was again appointed by the Circuit Court Judge to represent petitioner in that Court; that he and Mr. Jones had numerous conferences with petitioner in regards to his case; that he talked to witnesses given to him by petitioner and petitioner's family; that none supplied were of any value to their defense; that he traveled about the county and interviewed around twenty prospective witnesses. He had conferred with the Attorney General and it was the wish of petitioner to plead guilty to second degree murder which the Attorney General would not accept; that petitioner did not desire to file a motion for a new trial or appeal. He had advised petitioner he had the right to file a motion for a new trial and to appeal.

Petitioner's assignments of error are three.

1. The petitioner was never at any time advised of his constitutional rights, either before, during, or after trial, nor was he ever formally arraigned.

2. The petitioner's appointed counsel did not file a motion for a new trial or perfect an appeal of the criminal case even though the defendant desired appellate review of the case, nor did anyone advise him he could have the Bill of Exceptions without cost and that counsel was appointed to appeal the case if the appellant so desired.

3. The defendant was not permitted to speak in his own behalf at sentencing, nor was counsel permitted to make any statement in his behalf at that time.

These three assignments of error have been treated on this appeal as relating only to the question of whether there was a denial of the right to appeal. The first relates only to whether or not appellant was advised of his constitutional right to appeal; the second to the fact that no appeal was filed; and the third to the proposition that had he been permitted to speak that he would have said that he wanted to appeal.

The trial court entered a memorandum and order in which he made a finding of fact and law adverse to petitioner's contention. In the trial court memorandum and order petitioner's three assignments of error upon which he relies in this Court were carefully considered by the trial court and found to be meritless. With this we agree.

To summarize petitioner's contentions, they come down to this question: Was he denied appellate review? Petitioner relies upon Nelms v. State, 219 Tenn. 727, 413 S.W.2d 378 and State ex rel. Green v. Henderson, 220 Tenn. 551, 421 S.W.2d 86, as his authorities to sustain his contention. A review of these reveals to us that there was negligence involved in each cited case which was "State action" and therefore imputable to the State. We do not have that situation here in this case under this record involving these proven facts and circumstances. In order for a denial of appeal to have existed in this case there must have been a denial. There is no denial in this record of defendant's right to appellate review.

Under the factual situation proven in this record and found to be so by the trial judge, we find: (1) Petitioner was represented by competent, capable attorneys, (a)

who worked diligently and industriously in preparing the defense of petitioner, (b) who had numerous conferences with petitioner and petitioner's family, (c) who tried with petitioner's consent to enter a guilty plea to a lesser charge included in the indictment, (d) who from the efforts made by these attorneys we may assume caused the jury to bring in a verdict which was not agreeable to the Attorney General; (2) both attorneys for petitioner and petitioner's family felt they had won the case; (3) petitioner had been advised of his rights. pertaining to a motion for a new trial and appeal before trial and after trial; (4) petitioner had been convicted before of murder; (5) and petitioner wanted to get sentencing over so he could go back to Nashville.

The trial court found in the record as a matter of law and fact there was no denial of petitioner's rights accorded him under our law.

■ ■ Findings of fact by the trial court are conclusive unless this Court finds the evidence preponderates against the lower court's judgment. State ex rel. Hall v. Meadows, 215 Tenn. 668, 389 S.W.2d 256; State ex rel. Johnson v. Mainard, 188 Tenn. 501, 221 S.W.2d 531; Gray v. Johnson (6th Cir., 1965), 354 F.2d 986; Bates v. Meadows (6th Cir., 1966), 358 F.2d 674. We do not find the evidence preponderates against his findings.

■ The burden of proving petitioner's charges was on the petitioner. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 381 S.W.2d 290; State ex rel. George v. Bomar, 216 Tenn. 82, 390 S.W.2d 232. He has not carried that burden in this record.

■ The Attorney General and petitioner both cite

in their briefs State ex rel. Doyle v. Henderson, 221 Tenn. 156, 425 S.W.2d 593 (1968). The trial court and the Attorney General both maintain the record in this case is controlled by the holdings in that case. The petitioner maintains there was no inquiry from the Court in this case as there was in the State ex rel. Doyle v. Henderson case, *supra*. To this we agree, but in that case the following language may be found at page 596:

"* * * The facts of this case, that is the case before us, show that petitioner neither desired nor requested an appeal."

State ex rel. Doyle, *supra,* clearly holds that there can be an oral waiver of appeal. The trial judge found as a fact that he (petitioner) orally advised counsel that he did not wish to appeal. Petitioner waited almost four years before making known that he desired an appeal. We have presented here, under the factual situation proven in this record and found by the trial judge, an oral waiver of the right to appeal. There was no unconstitutional denial of that right.

Therefore, the assignments of error are overruled and the judgment of the trial court is affirmed.

RUSSELL and MITCHELL, JJ., concur.