## JAMES DOYLE, Appellant, v. STATE OF TENNESSEE, Appellee.

## 458 S.W.2d 637.

Court of Criminal Appeals of Tennessee. Feb. 11, 1970.

Certiorari Denied by Supreme Court April 20, 1970.

Hugh W. Stanton, Jr., and John P. Colton, Jr., Memphis, for appellant.

David M. Pack, Atty. Gen., Thos. E. Fox, Deputy Atty. Gen., Nashville, Phil M. Canale, Jr., Dist. Atty. Gen., Eugene C. Gaerig, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

RUSSELL, Judge.

James Doyle appeals from the dismissal of his petition for post-conviction relief without an evidentiary hearing. The petition is lacking in allegations about the actual conviction, stating only that it was for murder in the first degree. He seeks a new trial because of (1) the alleged insufficiency of the evidence, and (2) alleged prejudice to him from the alleged systematic exclusion of Negroes from the grand and petit juries which dealt with his case.

The actual pleadings tell us no more about the case, because the State of Tennessee did not reach the point precedurally of having to file an answer. The State's motion to strike was sustained.

■ The Public Defender raises the question, on appeal, of the absence in the record of any authority for the holding of the petitioner, "as is required by Ussery v. Avery, 222 Tenn. 50; 432 S.W.2d 656 (1968)." This holding is not applicable for a number of reasons. First, *Ussery* dealt with a petition brought under our Habeas Corpus statutes, T.C.A. § 23-1801 et seq. This petition specifically sought relief under the Post-Conviction Procedure Act, T.C.A. § 40-3801 et seq. A petition so brought does not fall within the holding of *Ussery*. The requirements relative to the State's answer in a proceeding such as this are governed by T.C.A. § 40-3814. We would note that in this case T.C.A. § 40-3804 dealing with the prescribed contents of a post-conviction relief petition were not complied with. As we see it, there was no mandatory requirement upon the State to comply with Ussery in this case, even if an answer had been procedurally called for. See Trolinger v. Russell, Tenn. Cr.App., 446 S.W.2d 538. In the case sub judice, the question of proper answer content was never reached, because the petition was struck upon motion.

■ We must look to a prior proceeding by Doyle for our background information. We may, of course, take judicial notice of prior proceedings by the same petitioner. State ex rel. Wilkerson v. Bomar, 213 Tenn. 499, 376 S.W.2d 451. We find that a previous habeas corpus petition was finally disposed of by our Supreme Court in a reported case styled State ex rel. Doyle v. Henderson, Warden, reported in 221 Tenn. 156, 425 S.W.2d 593. In that case it appeared that Doyle had been tried and convicted of first degree murder and sentenced to 99 years in the penitentiary. He was in-

digent then, as now; and contended that he had been deprived of his constitutional right to an appeal. It appeared that no evidence was introduced on behalf of Doyle. After he was sentenced, the trial judge asked in open court if he desired to appeal and his counsel replied negatively. Our Supreme Court held, under the facts of the case, that this effectively waived his right to appeal.

 This, in turn, disposes of the first question before us. The sufficiency of the evidence for conviction is a question to be disposed of on appeal. Here, his appeal was waived. He may not now use a petition for post-conviction relief as a substitute for an appeal. Habeas corpus and post-conviction proceedings may not be employed to question or review or test the sufficiency of the evidence at the original trial. 39 C.J.S. Habeas Corpus § 29(J), p. 518. Fernandez v. Klinger, 346 F.2d 210 (9th Cir. 1965), cert. den. 382 U.S. 895, 86 S.Ct. 191, 15 L.Ed.2d 152. Nor may same be used to determine the question of guilt or innocence. State ex rel. Brown v. Newell, 216 Tenn. 284, 391 S.W.2d 667; State ex rel. Dickens v. Bomar, 214 Tenn. 493, 381 S.W.2d 287.

 We now reach the final question raised by this appeal; i. e., does the allegation of systematic exclusion of Negroes from jury service require an evidentiary hearing. The State's brief is grounded upon the premise that the conviction was upon a plea of guilty, but this was not the case.

We hold, however, that his right to raise this question was waived when it was not raised upon the trial by motion or plea in abatement prior to his pleading to the indictment. Discrimination in the composition of venires

has long been condemned in Tennessee. See Zanone v. State, 97 Tenn. 101, 36 S.W. 711. It has also been held in Tennessee, in a long line of cases, that unless a defendant objects by motion or plea in abatement to the venire before he pleads to the indictment he cannot thereafter avail himself of a claim that the venire was improperly composed. State v. Cole, 28 Tenn. 626; McTigue v. State, 63 Tenn. 313; Turner v. State, 89 Tenn. 547, 15 S.W. 838; Ellis v. State, 92 Tenn. 85, 20 S.W. 500. See also State ex rel. Lawrence v. Henderson, Tenn.Cr.App., 433 S.W.2d 96. We do not believe that one should be permitted to raise a question in a post-conviction proceeding that was waived by failure upon the trial, by design or otherwise, to timely raise it when our procedural law prescribes that it should be raised. To permit this type procedure would make a sham of the trial itself. A defendant would not raise such questions upon the trial in the hope that he would be acquitted, but with the assurance that he could avail himself of the complaint post-conviction to obtain a new trial. We hold that this question was disposed of upon the trial adversely to Doyle when it was not then raised. We are not dealing with a constitutional principle newly announced since his trial, but a right well recognized and protected at that time.

The judgment of the trial court is affirmed.

HYDER and MITCHELL, JJ., concur.