# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

JANUARY 1997 SESSION

FILED

May 7, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

|  |  |  |
|---|---|---|
| **BRIAN M. HERMAN,** | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 03C01-9601-CR-00035 |
| | ) | |
| vs. | ) | Hamilton County |
| | ) | |
| **STATE OF TENNESSEE,** | ) | Honorable Russell C. Hinson, Judge |
| | ) | |
| Appellee. | ) | (Post-Conviction) |
| | ) | |

FOR THE APPELLANT:

ARDENA J. GARTH
District Public Defender
11th Judicial District

DONNA ROBINSON MILLER (appeal)
Assistant District Public Defender

HIRAM G. HILL (hearing)
Assistant District Public Defender
701 Cherry St., Suite 300
Chattanooga, TN 37402

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

ELIZABETH T. RYAN
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

WILLIAM COX
District Attorney General

C. LELAND DAVIS
Asst. District Attorney General
Courts Building, Room 310
Chattanooga, TN 37402

OPINION FILED: _____

**AFFIRMED**

CURWOOD WITT
JUDGE

## OPINION

The appellant, Brian M. Herman, appeals the Hamilton County Criminal Court's denial of his petition for post-conviction relief. Herman was convicted of aggravated assault, theft and possession of cocaine for resale following pleas of guilty and nolo contendere on these charges. He received consecutive sentences totaling 15 years, to be served in Community Corrections, although his Community Corrections status was later revoked and he was sent to the Department of Corrections. In his post-conviction petition, he alleged he did not receive the effective assistance of counsel, and as a result, his guilty pleas were not knowingly and voluntarily made. The Hamilton County Criminal Court found petitioner failed to prove his allegations and dismissed his petition. On appeal, the appellant challenges the ruling below with respect to both of these issues. In addition, he raises two additional issues, (1) whether the state waived any defenses to the petition by failing to file an answer, and (2) whether his due process rights were violated when he did not receive a hearing prior to revocation of his Community Corrections sentence. On review of the record, we hold the evidence does not preponderate against the trial court's findings that the appellant received the effective assistance of counsel at the trial level and that his guilty pleas were knowingly and voluntarily made, and we affirm the decision of the court below with respect to those issues. Additionally, we hold the appellant is not entitled to relief based upon his claims relating to the state's failure to file an answer to the petition and the state's failure to provide him with a Community Corrections revocation hearing. Accordingly, we affirm the trial court's dismissal of the petition.

The appellant was charged with possession of cocaine for resale, theft of property valued over $1,000 and aggravated assault.[1] He retained Leonard M.

---

[1] The indictments, written plea agreements and judgments of conviction were not made a part of the record; therefore, this court is limited to consideration of the testimony of the appellant, transcripts of the plea hearings and post-conviction petition in determining the crimes for which the appellant was indicted and sentenced. Although the better practice is for these documents to be part of the record, see Tenn. R. App. P. 24; Tenn. Code Ann. §§ 40-30-104 (12)(b) (1990) (repealed 1995) and 40-30-114(b) (1990) (repealed 1995), based on the other

Caputo to represent him in the proceedings against him. The appellant knew Mr. Caputo and had retained him in the past to represent him with respect to other matters. He paid Mr. Caputo a fee, although the services to be provided for that fee are disputed. Mr. Caputo testified the fee was for his services in working out plea arrangements. The appellant contends Mr. Caputo refused to take his cases to trial without an additional fee, although the appellant never directly denies the fee he paid was solely to resolve the matters prior to trial. Mr. Caputo acknowledges he quoted an additional fee to the appellant, but ultimately, he told the appellant he would go to trial even though the fee had not been paid. On the other hand, the appellant denied Mr. Caputo told him he would take his case to trial without the additional fee and says he was told he could either plead to the charges or go to trial with a public defender. The appellant further contends Mr. Caputo told him he would receive maximum sentences if he was represented by a public defender.

In any event, Mr. Caputo negotiated a plea agreement whereby the appellant pleaded guilty to possession of cocaine for resale with an agreed sentence of 9 years and theft of property with an agreed sentence of 3 years running consecutively to the 9 year sentence. The appellant requested placement in the Community Corrections program, and the sentencing court referred him to Community Corrections for consideration. The appellant was initially denied enrollment in Community Corrections through the program's screening process; however, through further efforts of Attorney Caputo, that decision was reversed. Several months after entering his guilty pleas on the possession of cocaine and theft charges, the appellant entered a plea of nolo contendere to the offense of aggravated assault with an agreed sentence of 3 years to be served consecutively to the 9 and 3 year sentences. The court approved the service of these sentences in the Community Corrections program.

The appellant was ultimately unsuccessful in the Community

---

evidence before us, we do not deem this absence critical in this case.

Corrections program. By his own admission, he quit going to work at the job to which he was assigned through the program, even though he knew he would have to serve his sentence in jail if he did not comply with all the requirements of Community Corrections.[2] The appellant was thereafter sent to the Department of Corrections to serve his sentence. He testified he was unaware he had the right to a hearing until after the time for requesting a hearing had expired.

In this appeal, the appellant raises four issues for our consideration: (1) whether the state waived any defenses by failing to properly plead them; (2) whether the trial court erred in finding that he received effective assistance of counsel; (3) whether the trial court erred in finding his guilty pleas were voluntarily, understandingly and knowingly entered, and (4) whether his due process rights were violated when he was deprived of a Community Corrections revocation hearing.

I

The appellant contends he is entitled to relief because the state never filed an answer to his petition, as required by former Tennessee Code Annotated section 40-30-114.

The evidence of record shows that shortly after the appellant filed his pro se petition, it was found insufficient as a matter of law by Judge DiRisio of the Hamilton County Criminal Court. By Judge DiRisio's order of February 28, 1994, the appellant was allowed 90 days to amend his petition,[3] and the state was given 30 days after filing of the amendment to file its answer. No amended petition appears in the record, which leads this court to the conclusion the petition was

_____

[2]The appellant's participation in the Community Corrections program was extremely brief. The plea hearing at which the judge sentenced the appellant to Community Corrections took place on November 13, 1993. The appellant's petition for post-conviction relief was sworn on February 8, 1994, at which time he was already incarcerated with the Department of Corrections.

[3]By separate order entered February 23, 1994, counsel was appointed to assist the appellant in this post-conviction proceeding.

4

never amended. The state permitted the appellant to amend his petition orally on the day of the hearing, and for purposes of our review, we have considered the oral amendments made at the hearing. However, having failed to file the required written amendment (a prerequisite to the state's obligation to file an answer under Judge DiRisio's order), the petitioner is not entitled to benefit from the state's failure to file an answer. Of equal significance is the fact the petitioner did not present this issue to the post-conviction court. The record is devoid of any objection by petitioner to proceeding to hearing in the absence of the state's answer. Petitioner is not entitled to relief on an issue not raised below. Tenn. R. App. P. 36(a) (party who caused error or failed to take action to prevent error is not entitled to appellate relief); Alonzo Williams v. State, No. 1100 (Tenn. Crim. App., Knoxville, Mar. 4, 1987) (in post-conviction proceedings, "the rule is that questions not raised by the pleadings and then litigated in the trial court are not reviewable on appeal") (citation omitted), perm. app. denied (Tenn. 1987). Additionally, we note petitioner has shown no prejudice which has befallen him as a result of the state's failure to file a responsive pleading. See Lairron Rawson v. State, No. 01C01-9307-CC-00244 (Tenn. Crim. App., Nashville, June 2, 1994) (petitioner is not entitled to relief based upon state's failure to file its answer timely absent showing of prejudice); Rucker v. Tollett, 4 Tenn. Crim. App. 672, 475 S.W.2d 207 (Tenn. Crim. App. 1971). Thus, this issue is without merit.

## II

Next, we turn to the issue of whether the trial court erred in finding that the appellant received the effective assistance of counsel. When a petition challenges the effective assistance of counsel, the petitioner has the burden of establishing (1) deficient representation and (2) prejudice resulting from that deficiency. Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2066-67 (1984); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Deficient representation occurs when counsel provides assistance that falls below the range of competence demanded of criminal attorneys. Bankston v. State, 815 S.W.2d

5

213, 215 (Tenn. Crim. App. 1991). Prejudice is the reasonable likelihood that, but for deficient representation, the outcome of the proceeding would have been different. Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994). In the context of ineffective assistance of counsel claims arising out of the plea process, the Supreme Court has said the Strickland prejudice prong requires the petitioner to demonstrate "a reasonable probability that, but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985); see also Bankston, 815 S.W.2d at 215. On post-conviction review, there is a strong presumption of satisfactory representation. Barr v. State, 910 S.W.2d 462, 464 (Tenn. Crim. App. 1995).

When this court undertakes review of a lower court's decision on a petition for post-conviction relief, the lower court's findings of fact are given the weight of a jury verdict and are conclusive on appeal absent a finding the evidence preponderates against the judgment. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978), cert. denied, 441 U.S. 947, 99 S. Ct. 2170 (1979).

The appellant's specific complaints on appeal with respect to the services provided by his retained counsel are (1) counsel threatened to withdraw and have the public defender assigned to represent the appellant unless he paid additional attorney's fees to take the matter to trial, (2) counsel failed to explain the Community Corrections program, (3) counsel failed to explain the right to a revocation hearing before final termination of the appellant's participation in the program for violation of program rules, and (4) counsel failed to ensure the appellant understood he would serve consecutive sentences of 15 years, rather than concurrent sentences of 9 years.

In its findings of fact, the post-conviction court found the appellant failed to carry the burden of proof with respect to his claim of ineffective assistance based upon his attorney's alleged refusal to take the appellant's cases to trial

6

without additional payment. The post-conviction court also found against the appellant on his claim he did not understand his sentences would run consecutively, rather than concurrently. After thoroughly reviewing the record, we conclude the evidence does not preponderate against the post-conviction court's findings on these issues.

With respect to the remaining claims of ineffective assistance of counsel -- that Attorney Caputo failed to explain the Community Corrections program and did not advise petitioner of the right to a hearing prior to revocation of a Community Corrections sentence -- the trial court failed to make findings as required by former Tennessee Code Annotated section 40-30-118(b) (1990) (repealed). Although the statute commands that the trial court "shall" address all issues in a final order with findings of fact and conclusions of law, see Tenn. Code Ann. § 40-30-118(b) (1990) (repealed), this court has held that such failure will not warrant reversal if the record sufficiently reflects the apparent reasons for the lower court's actions so as to allow for meaningful appellate review. State v. Swanson, 680 S.W.2d 487, 489 (Tenn. Crim. App. 1984); see also Johnny Eugene Johnson v. State, No. 01C01-9508-CC-00247 (Tenn. Crim. App., Nashville, 10/10/96), perm. app. denied (Tenn. 1997). In the case at bar, we find the record sufficiently reflects the reasons for the lower court's denial of the petition on these two subissues of the ineffective assistance claim.

No evidence of record, save petitioner's uncorroborated testimony, supports his claim his attorney did not explain the Community Corrections program to him. On post-conviction review, the lone testimony of the petitioner is not enough to carry the burden of proof on an ineffective assistance of counsel claim. State v. Kerley, 820 S.W.2d 753, 757 (Tenn. Crim. App. 1991). In fact, the state's evidence included the testimony of Attorney Caputo that he explained the basic requirements of the program to petitioner, including work assignments, random drug screens, curfew and electronic monitoring. The record further reflects that the sentencing

judge admonished the appellant to follow the rules of the Community Corrections program or he would be subject to incarceration with the Department of Corrections. Moreover, the appellant's complaints about the Community Corrections program are somewhat inconsistent. As noted above, he contended in his petition that the program was much too rigorous and intensive for his liking, but his testimony at the hearing was that he quit participating in the program because he was not being paid for his labor and this was unfair to the relatives who were having to support him. Clearly, the appellant has brought forth no evidence which would entitle him to relief on this subissue, and the lower court's failure to specifically address it in its findings relative to the ineffective assistance issue is harmless error. See Tenn. R. Crim. P. 52(a).

With respect to the appellant's allegation of ineffective assistance through counsel's failure to advise him of his right to a hearing prior to revocation of his Community Corrections sentence, the appellant testified he was not told at the time he accepted the plea agreement that he would not be entitled to a hearing unless he requested one.[4] The appellant's counsel argued at the post-conviction hearing, "[T]he one glaring issue here is that when Mr. Herman was violated by the Community Corrections program, he was not made aware of his right to have a hearing if he so requested, if that was his method for any redress as to the revocation from the Community Corrections Program." (emphasis added) In his brief, the appellant simply contends his counsel "never" advised him of the right to a revocation hearing.

The evidence before this court is insufficient to establish the

_____

[4]The appellant's testimony on this point is contradicted by the transcript of the plea agreement hearing for the aggravated assault charge, wherein the court, while explaining the Community Corrections Program, stated, "And you know that they're very strict about their rules and regulations in [C]ommunity [C]orrections. . . . Show up [sic] a dirty drug screen, they're going to put you back in jail, we'll have a hearing on it, and then if I find that you did violate the conditions of [C]ommunity [C]orrections, then you'll, as I say, off to the Department of Corrections you go." (emphasis added)

appellant's claim. With respect to the first prong of the Strickland analysis, the appellant must establish that the alleged failure of his counsel to advise him of the process for obtaining a revocation hearing departed from the standard generally expected of criminal defense attorneys. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). An attorney has an affirmative obligation to keep his client informed throughout the course of the attorney's representation of the client. However, we do not believe the practitioners of criminal law in this state have an obligation to advise their clients at the time of entry of a guilty or nolo contendere plea of every possible difficulty they may face in their continuing journey through the criminal justice system. Further, we decline to interpret Strickland and Baxter in a way that would impose on the criminal law bar an obligation of "continuing supervision" once the terms of the representation agreement or appointment have been completed and the defendant has moved on to the corrections phase of the criminal justice process. In this regard, the appellant has offered no evidence that Mr. Caputo was aware of the appellant's sentence revocation or of the existence of an attorney/client relationship between the appellant and Mr. Caputo at that time.

For these reasons, any error of the post-conviction court in failing to make findings of fact on this subissue of the ineffective assistance claim is harmless. See Tenn. R. Crim. P. 52(a); Tenn. R. App. P. 36(b). The issues regarding ineffective assistance of counsel are without merit.

### III

The next issue the appellant presents for our consideration is whether the trial court erred in finding his guilty pleas were "voluntarily, understandingly and knowingly" entered. When we review the entry of a guilty plea, our overriding concern is whether the plea was knowingly and voluntarily made. Woods v. State, 928 S.W.2d 52, 55 (Tenn. Crim. App. 1996). The lower court's findings of fact are conclusive on appeal unless the evidence preponderates against those findings.

Cooper v. State, 849 S.W.2d 744, 746 (Tenn. 1993).

In his argument to this court, the appellant contends his guilty pleas[5] were not knowing and voluntary because he did not understand "the terms and consequences of his guilty pleas," and further, Attorney Caputo advised him he would receive maximum sentences if he was represented by a public defender at trial. The post-conviction court found

> [N]othing was developed to support [the claim appellant's attorney told him he would receive maximum sentences if he went to trial represented by the public defender].
> . . .
> [B]eing 'given to the Public Defender's office' is not something to cause reasonable fear so as to render a plea involuntary.
> . . .
> [Appellant] further complained that he did not know he was pleading guilty but thought he was pleading no contest. The verbatim record of the plea hearing[,] now a part of the record in this case[,] shows a lengthy discussion at the end which [sic] the court says: "[I]f I accept your plea of nolo contendre [sic] I'm going to make a finding of guilty. I'm going to find you are guilty and it'll have the same effect as if the jury heard the case and found you guilty." [citation omitted] The record shows the defendant replied "yea." This claim then is without merit.
>
> The petitioner further complains that he thought he was getting nine years sentence, [sic] not 15 years. The record shows that after making a finding of guilty the court pronounced the following [citation omitted]: "The court sentences you to three years in the Department of Corrections. That 3 years to run consecutive to the 3 years in 194796 and 194796 was to run consecutive to 193049 where you got nine years so that makes nine and three and three. You understand that?" Defendant (petitioner herein) replied "Yes, sir." The court then assigned the defendant to the Hamilton County Community Correction Program[,] a program requiring working and monitoring by an electronic device.

Upon review of the record, we do not find evidence which preponderates against these findings of the post-conviction court. Further, even though the court below failed to make findings regarding the petitioner's

_____

[5]The record reflects the appellant pleaded guilty to two charges and nolo contendere to a third charge. The appellant has raised no issue on appeal regarding whether the nolo contendere plea was knowingly and voluntarily made, and that issue is deemed waived. See Tenn. R. App. P. 13(b). However, we note that all three pleas arise from the same factual background, and had the knowing character and voluntariness of this third plea been challenged in this appeal, our analysis would have been identical to that discussed herein.

10

understanding of the rigors of the Community Corrections Program, we find that failure harmless in light of the abundant evidence that both the trial court and Attorney Caputo explained the intensive nature of the program to the appellant.

Thus, the evidence does not preponderate against the finding of the lower court that the appellant's pleas were knowingly and voluntarily made.

## IV

Finally, the appellant calls on this court to consider whether his due process rights were violated because he did not receive a Community Corrections revocation hearing. The appellant urges this court to grant relief under Rule 52(b) of the Rules of Criminal Procedure, the "plain error" rule. In his brief, the appellant cites State v. Trevor Anthony Harper, No. 03C01-9503-CR-00072 (Tenn. Crim. App., Knoxville, July 20, 1995), a case in which this court reversed and remanded a probation revocation on direct appeal where the revocation procedure failed to meet minimal due process requirements. Also appellant relies upon Bentley v. State, 938 S.W.2d 706 (Tenn. Crim. App. 1996), in which this court analyzed the Hamilton County Community Corrections revocation process. By dicta in Bentley we observed that the procedure was constitutionally deficient in providing due process to individuals whose Community Corrections sentences were revoked under that county's particular procedure. Bentley, 938 S.W.2d at 714. The appellant now attacks the procedure used in the same county, and while the same revocation procedure may have been used in the case at bar as was used in Bentley, the petitioner in this case has failed to include evidence in the record on appeal of the Hamilton County procedure under which the petitioner's Community Corrections Sentence was revoked.[6]

The state contends, inter alia, that the appellant failed to take a direct

---

[6] In Bentley the record on appeal included the sentencing order, the removal or revocation order, and the testimony of the trial judge as to the revocation procedure used. See Bentley, 938 S.W.2d at 712-13.

11

appeal of the revocation of the sentence and argues the appellant has waived relief on this ground.

Given the posture of this case, we hold that consideration of the revocation issue on the merits is precluded by any one of three waiver rules.

First, we are constrained to hold that the record on appeal does not justify our review of the revocation procedure on the merits. "The burden is on the appellant to prepare a record of the proceedings for appellate review." State v. Ballard, 855 S.W.2d 557, 560-61 (Tenn. 1993). We are precluded from considering an issue where the record does not contain "a complete transcript or statement of what transpired in the trial court with respect to the issues raised." State v. Larry D. Swafford, No. 03C01-9502-CR-00046, slip op. at 3 (Tenn. Crim. App., Knoxville, November 16, 1995), perm. app. denied (Tenn. May 6, 1996).

The revocation issue was not included in the petition; however, the appellant testified on re-direct examination as follows:

> Q. When you were told about the Community Corrections Program, did anybody tell you if they ever tried to revoke you from that program, that you would not be entitled to a hearing unless you requested one?
>
> A. No, I ain't even know I was -- I didn't know I was going to have a hearing until after I got in the system.
>
> Q. So your time for hearing had already passed by the time you realized you could have one, is that correct?
>
> A. Yes.
>
> Q. Did anybody ever explain to you when you took this plea?
>
> A. No.
>
> Q. That's all.

This brief testimony is the entirety of evidence in the record concerning the revocation of the Community Corrections sentence. Unlike the appellate record in

12

Bentley, the record before us contains no proof about the revocation process itself, and neither the sentencing judgment nor the revocation order is included. We cannot even find that a hearing was not held except by inferring from the appellant's uncorroborated testimony. We are without sufficient basis in the record to review the revocation procedure as a free-standing due process issue. We must presume the trial court's rulings were justified. State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991); State v. Charles Embry, 915 S.W.2d 451, 456 n.4 (Tenn. Crim. App. 1995), perm. app. dismissed (Tenn. 1996).

Second, we observe that the appellant raised the Community Corrections sentence revocation issue as a free-standing issue, unrelated to the appellant's pre-plea knowledge about Community Corrections, for the first time on this post-conviction appeal. In conducting the post-conviction hearing below, the trial court did not have the opportunity to consider the due process deficiencies of the revocation procedure as now alleged on appeal. We are precluded from contravening the province of the trier of fact. Tenn. R. App. P. 36(a).

Third, under the relevant provisions of the Post-Conviction Procedure Act, a petitioner may not obtain post-conviction review of any issue which has been waived or previously determined. Tenn. Code Ann. § 40-30-111 (1990) (repealed). An issue is defined as "waived" if the petitioner "knowingly and understandingly" failed to raise it in prior proceedings. Tenn. Code Ann. § 40-30-112(b)(1) (1990) (repealed 1995). The Act imposes a rebuttable presumption that any issue not raised in such prior proceedings is waived.[7] Tenn. Code Ann. § 40-30-112(b)(2) (1990) (repealed); see Massey v. State, 929 S.W.2d 399, 401 (Tenn. Crim. App. 1996) (petitioner who failed to take direct appeal to challenge alleged

_____

[7]Although we are mindful of the exception to the waiver rule that an issue may be raised notwithstanding the failure to raise it in prior proceedings where the right was not recognized as existing at the time of trial if the U.S. or Tennessee Constitutions require retrospective application of that right, we do not believe that exception is applicable to the case at bar. See Tenn. Code Ann. § 40-30-105 (1990) (repealed).

due process denial when state failed to provide preliminary hearing following arrest on probation violation warrant waived his opportunity to have issue considered on merits in post-conviction proceeding); <u>Roy Lane v. State</u>, No. 03C01-9403-CR-00089 (Tenn. Crim. App., Knoxville, Jan. 27, 1995) (appellate court cannot consider due process challenge of post-conviction petitioner who failed to litigate issue at trial level). Moreover, the plain error doctrine does not bar the application of the waiver provisions of the Post-Conviction Procedure Act. <u>Gary Wayne Thurbush v. State</u>, No. 89-173-III (Tenn. Crim. App., Nashville, July 26, 1990).

This court has interpreted the waiver of Code section 40-30-112 to apply where the petitioner failed to prosecute an appeal altogether. <u>See, e.g.</u>, <u>Adkins v. State</u>, 911 S.W.2d 334, 343 (Tenn. Crim. App. 1994) ("A petition for post-conviction relief may not be used as a substitute for a direct appeal."); <u>Doyle v. State</u>, 3 Tenn. Crim. App. 171, 458 S.W.2d 637, <u>cert. denied</u> (Tenn. 1970). Thus, the appellant has the burden of demonstrating why the issue has not been waived, including any allegation the waiver was not knowing and

understanding. The record in this case is devoid of any justification for the appellant's failure to raise this issue in earlier proceedings. Although the appellant presented proof of the reason he did not request a hearing, he presented no proof of the reason he did not take a direct appeal of the revocation of his Community Corrections sentence. Moreover, he presented no evidence he was uncounseled and/or unaware of his right to appeal the revocation of the Community Corrections sentence. Also, he presented no evidence that might tend to justify his not presenting the claim below in this post-conviction proceeding. Because the petitioner has failed to present the necessary evidence to overcome the presumptive waiver contained in Code section 40-30-112(b)(2), we are unable to make the threshold determination of whether we may proceed to the merits of this issue at this late stage. Further, in light of the factually deficient record before us, we decline to reach this issue under the plain error doctrine as the appellant urges us to do. Consequently, we must conclude the appellant is not entitled to relief.[8]

In summary, we fail to find reversible error in the appellant's issues and affirm the judgment of the court below.

_____
CURWOOD WITT, JUDGE

CONCUR:


_____
GARY R. WADE, JUDGE


_____
JOSEPH M. TIPTON, JUDGE

_____

[8]Because we base our holding on this ground, we express no opinion regarding the state's argument that issues involving manner of service of sentence are not cognizable per se in post-conviction proceedings.

15