## Richmond

## CLAUDE F. BLOODGOOD, III v. COMMONWEALTH OF VIRGINIA.

October 11, 1971.

Record No. 7630.

Present, All the Justices.

*Berry D. Willis, Jr.*, for plaintiff in error.

*Vann H. Lefcoe, Assistant Attorney General (Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Per Curiam.

At the trial of defendant Claude F. Bloodgood, III, the jury returned a verdict finding him guilty of first degree murder and fixing his punishment at death by electrocution. Bloodgood now appeals from the conviction order sentencing him in accordance with the verdict. We can dispose of his contentions summarily.

The death sentence does not constitute cruel and unusual punishment in contravention of the Eighth Amendment to the Con-

stitution of the United States. *See Fogg* v. *Commonwealth*, 208 Va. 541, 159 S.E.2d 616 (1968) (the death penalty for rape does not constitute cruel and unusual punishment).

A jury's determination of guilt and punishment in a single trial does not impair the right of an accused to an impartial jury in contravention of the Sixth Amendment to the Constitution of the United States. "From a constitutional standpoint we cannot conclude that it is impermissible for a State to consider that the compassionate purposes of jury sentencing in capital cases are better served by having the issues of guilt and punishment determined in a single trial than by focusing the jury's attention solely on punishment after the issue of guilt has been determined." *McGautha* v. *California*, 402 U.S. 183, 221 (1971). See also *Johnson* v. *Commonwealth*, 208 Va. 481, 158 S.E.2d 725 (1968), which like the *McGautha* case involved an attack on a unitary jury trial as violating the Fifth and Fourteenth Amendments.

The trial court correctly ruled that Bloodgood had the burden of proving that he was insane when the offense was committed. *Taylor* v. *Commonwealth*, 208 Va. 316, 157 S.E.2d 185 (1967).

The evidence amply supported Bloodgood's conviction of first degree murder.

*Affirmed.*