# Richmond

SHERMAN BROWN v. COMMONWEALTH OF VIRGINIA.

November 29, 1971.

Record No. 7667.

Present, Snead, C.J., Carrico, Harrison, Cochran and Harman, JJ.

*E. Gerald Tremblay; Robert P. Boyle (Tremblay & Smith; Boyle & Wood,* on brief), for plaintiff in error.

*Robert L. Simpson, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

HARMAN, J., delivered the opinion of the court.

Sherman Brown, the defendant, was convicted of first degree murder by a jury which fixed his punishment at death. He appeals from the conviction order which sentenced him in accordance with this verdict.

Most of his assignments of error can be disposed of summarily.

■ The death sentence does not constitute cruel and unusual punishment in contravention of the Eighth Amendment to the United States Constitution. *Bloodgood* v. *Commonwealth,* 212 Va. 253, 183 S.E.2d 737 (1971).

■ And a unitary trial at which the jury determines guilt and punishment in a single trial does not impair the right of the accused to an impartial trial in contravention of the Sixth Amendment to the Constitution of the United States. *Bloodgood* v. *Commonwealth, supra.*

■ Nor was the defendant constitutionally entitled to be identified at a pretrial lineup conducted for the purpose of having the perpetrator of the crime or crimes identified. *Fogg* v. *Commonwealth,* 208 Va. 541, 159 S.E.2d 616 (1968).

■ And the defendant, who is a black, was not constitutionally entitled to have members of his race on the jury which tried him. *Swain* v. *Alabama,* 380 U.S. 202 (1965).

The defendant challenges the sufficiency of the evidence to sustain his conviction. A detailed review of the evidence of the circumstances surrounding this murder and the evidence pointing to the defendant's guilt as the murderer leaves no doubt in our mind that this evidence, viewed in the light most favorable to the Commonwealth, amply supports the jury's verdict.

Two other issues raised by the defendant require more lengthy consideration. These are: (1) that the trial court erred in its examination of the veniremen about any scruples or belief they might have in regard to capital punishment, and (2) that the trial court erred in admitting in evidence photographs made by the medical examiner of the victim.

In his *voir dire* examination of the veniremen the trial judge inquired as to whether the veniremen had scruples about or were opposed to the imposition of capital punishment. Those who answered in the affirmative were then asked whether their scruples or opposition to capital punishment were such that they would refuse to vote for imposition of the death penalty regardless of the circumstances disclosed by the evidence.

Six jurors who answered affirmatively to the latter question were dismissed for cause by the trial court. We hold, and the defendant appears to concede, that the latter question was certainly a proper one and is in accord with the rule laid down in *Witherspoon* v. *Illinois*, 391 U.S. 510 (1968).

The defendant says, however, that the latter question was the only question which the court should have asked. He argues that the earlier inquiry violated the letter and spirit of *Witherspoon* since it permitted the Commonwealth to identify those veniremen who had any scruples, reservations or feeling about the death penalty even though these were insufficient to dismiss them for cause. He charges that the Commonwealth, using this information, exercised its peremptory challenges so as to eliminate all veniremen who had any reservations about or scruples against the death penalty, an assertion which is not supported by the record.

*Witherspoon* stands for the proposition that the death penalty may not be constitutionally imposed by a jury if it was chosen by excluding veniremen for cause simply because they voice a general objection to the death penalty. The opinion by Mr. Justice Stewart recognizes that the prosecution has a right to challenge for cause those prospective jurors who state that their reservations about capital punishment would prevent them from making an impartial decision as to the defendant's guilt or innocence. It also recognizes that a prospective juror in a capital case may be dismissed for cause when he says that he could never vote to impose the death penalty or that he would refuse to consider its imposition in the case before the court.

An argument similar to the one advanced by the defendant here was advanced in *Swain* v. *Alabama, supra*. There the court was concerned with a case in which the prosecution, using peremptory challenges, had struck all blacks from the jury impaneled to try a black. The court, after an extensive discussion and review of the peremptory challenge system, said:

"In the light of the purpose of the peremptory system and the function it serves in a pluralistic society in connection with the institution of jury trial, we cannot hold that the Constitution requires an 'examination of the prosecutor's reasons for the exercise of his challenges in any given case. The presumption in any particular case must be that the prosecutor is using the State's challenges to obtain a fair and impartial jury to try the case before the court. The presumption is not overcome and the prosecutor therefore subjected to examination by allegations that in the case at hand all Negroes were removed from the jury or that they were removed because they were Negroes. Any other result, we think, would establish a rule wholly at odds with the peremptory challenge system as we know it. . . ." 380 U.S. at 222.

For those same reasons we reject the defendant's argument here.

■ Finally we must deal with certain photographs which were admitted in evidence over the defendant's objection. These ten color photographs (marked as Exhibits 16 through 25 inclusive) were taken by the medical examiner. His testimony shows that they accurately demonstrated the condition of the victim, a four-year-old boy, prior to the time any autopsy incisions were made in the body. Two other photographs, showing the victim's heart after his chest cavity had been opened at autopsy, were excluded by the trial judge.

Exhibit 16 shows the chest of the deceased and demonstrates a stab wound on either side of the midline of the chest. Exhibit 17 shows a stab wound in the right armpit of the victim. Exhibits 18 and 19 show a stab wound in the boy's right wrist, one view from above and one from below. Exhibits 20, 21 and 22 each show a different laceration in the scalp on the victim's head. Exhibit 23 reveals a large bruise on the right shoulder and back of the deceased. Exhibit 24 shows the face of the deceased above the mouth and reveals bruises on his nose, forehead and in the vicinity of his left eye. Exhibit 25 shows the left ear with a bruise above and behind it.

The objection before the trial court to the admitted photographs was that they were "not essential" and that they "accentuate the wounds." The defendant argues here that they were cumulative of the other evidence already received from the medical examiner and that their admission was prejudicial and inflammatory and constituted an abuse of discretion by the trial judge.

The medical examiner was of the opinion that the deceased could have died within one minute and would not have lived more than five minutes after the chest wounds were inflicted. He testified that bruises do not form instantly upon trauma, and was of the opinion from his examination of the deceased that the bruises, as demonstrated by the photographs, were incurred before the victim's death, were of relatively recent duration and were "anywhere from several minutes to perhaps a day in age."

The question of admissibility of photographs in a criminal case is one resting in the sound discretion of the trial court. *Timmons* v. *Commonwealth*, 204 Va. 205, 214, 129 S.E.2d 697, 703 (1963); *Westry* v. *Commonwealth*, 206 Va. 508, 513, 144 S.E.2d 427, 430 (1965).

The picture of the wounded body of a man in the repose of death should excite no more sympathy or prejudice than the exhibit of a living person with a bruised, broken and torn body. *Martin* v. *Commonwealth*, 184 Va. 1009, 1022, 37 S.E.2d 43, 49 (1946). Such photographs may be admissible to afford corroboration of the medical testimony, *Westry* v. *Commonwealth, supra,* 206 Va. at 513, 144 S.E.2d at 431; and they may be admissible to show the degree of atrociousness of the crime, or the malice with which it was committed. *Timmons* v. *Commonwealth, supra,* 204 Va. at 214, 129 S.E.2d at 703.

Here the defendant was charged with first degree murder. In establishing this offense the Commonwealth had the burden of showing both premeditation and malice. On the basis of the bruises disclosed by the medical testimony, as corroborated by the photographs, the jury could reasonably have concluded that the deceased was badly beaten at an earlier time than the time when the fatal wounds were inflicted. This was both relevant and material on the question of premeditation. The number, nature and character of the wounds inflicted, as shown by the photographs, were relevant and material to show malice and the degree of atrociousness of the crime.

While such photographs are never pleasant to view, they do accurately represent the true condition of the victim and the handiwork of the killer. They were relevant and material to establish premeditation and malice and to show the degree of atrociousness of the crime. Their admission did not constitute an abuse of discretion by the trial court.

*Affirmed.*