Claude Franklin MOFFITT, Petitioner,

v.

Dr. Stanley BLACKLEDGE, Warden of Central Prison, and State of North Carolina, Respondents.

Civ. No. 2842.

United States District Court, W. D. North Carolina, Charlotte Division.

April 20, 1972.

No appearance for petitioner.

Jacob L. Safron, Asst. Atty. Gen., Raleigh, N. C., for respondents.

ORDER

McMILLAN, District Judge.

Claude Franklin Moffitt petitioned this court on February 26, 1971 for a writ of habeas corpus. In an order filed September 17, 1971 the petition was dismissed and all claims denied. In a letter dated November 15, 1971 (which for these purposes is treated as a formal motion) Moffitt, in essence, has asked the court to reconsider the ruling on one of his allegations, and to reconsider the denial of a certificate of probable cause.

Petitioner's fourth allegation in his original petition was that the state failed to appoint counsel for him to file a petition for certiorari in the North Carolina Supreme Court. In rejecting this claim, the September 17, 1971 order stated:

> "Since petitioner was provided free legal counsel at trial and for his appeal to the North Carolina Court of Appeals, it does not appear that his right to counsel under the Sixth and Fourteenth Amendments has been violated. The Supreme Court in Douglas v. California, 372 U.S. 353 [83 S.Ct. 814, 9 L.Ed.2d 811] (1963) went only so far as to say that an indigent is entitled to counsel where an appeal in a criminal case is a matter of right. Where, as here, appellate review (by the North Carolina Supreme Court) is discretionary, there is, as yet, no constitutional right to appeal. Moreover, application of the standards regulating discretionary appeal to the North Carolina Supreme Court demonstrates that Moffitt's petition for certiorari would have almost certainly been denied. See, N.C.G.S., § 7A–31."

Moffitt argues that N.C.G.S. § 7A–451 and State v. May, 8 N.C.App. 423, 174 S.E.2d 633 (1970), require an opposite result.

N.C.G.S. § 7A–451 reads in relevant part:

> "(a) An indigent person is entitled to services of counsel in the following actions and proceedings:

> "(1) Any felony case, and any misdemeanor case for which the authorized punishment exceeds six months imprisonment or a five hundred dollars ($500.00) fine;

> \*   \*   \*   \*   \*   \*

> "(b) In each of the actions and proceedings enumerated in subsection (a) of this section, entitlement to the services of counsel begins as soon as feasible after the indigent is taken into custody or service is made upon him of the charge, petition, notice or other initiating process. Entitlement continues through any critical stage of the action or proceeding, including, if applicable:

> \*   \*   \*   \*   \*   \*

> "(6) Direct review of any judgment or decree, including review by the United States Supreme Court of final judgments or decrees rendered by the highest court of North Carolina in which decision may be had."

We read the statute differently than does petitioner. An indigent is entitled to have a lawyer at his trial, and for direct review of that trial. Moffitt was provided an attorney for the trial and to prepare his appeal to the one court in which he had an appeal as of right. The statute is not intended to cover the discretionary power of the North Carolina Supreme Court to grant a writ of certiorari.

As pointed out in the earlier order, Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) deals with the appeal of right situation; in *Douglas* there was only one such appeal of right. In this case, petitioner was represented by counsel during all stages of his trial and appeal of right. Thus he is not entitled to habeas corpus relief on this claim.

The case of State v. May, *supra,* is inapposite. Petitioner points to language at 8 N.C.App. 426, 174 S.E.2d 635 which states: "In criminal cases the right of appeal by a convicted defendant from a final judgment is unlimited in the courts of North Carolina . . . ." Petition-

er's right of appeal has been protected in that the state provided an attorney for him in pressing his appeal of right. There has been no curtailment of his right to appeal his conviction.

It is therefore ordered, treating petitioner's letter as a motion to reconsider the judgment and to grant a certificate of probable cause, that the motion be denied and all claims for relief be denied. The action is dismissed.