**Ralph Odell CAMPBELL,
Petitioner,**

**v.**

**SUPERINTENDENT, VIRGINIA STATE
PENITENTIARY, Respondent.**

**Civ. A. No. 74-C-203-R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

Dec. 16, 1974.

Wilburn C. Dibling, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

This action involves a petition for writ of habeas corpus filed by Ralph Odell Campbell, an inmate at the Virginia State Penitentiary where he is serving a forty year sentence upon a conviction by the Alleghany County Circuit Court for first degree murder. In this petition Campbell has alleged several grounds upon which federal habeas corpus relief might be granted. Petitioner alleges 1) that his constitutional rights were violated by the failure of the trial court to appoint a private psychiatrist to assist petitioner with his

insanity defense plea at state expense; 2) that an involuntary confession was admitted into evidence in that petitioner was not given the Miranda warning before making an incriminating statement to a police officer; 3) that he was denied a speedy trial; 4) that highly prejudicial photographs which were admitted into evidence denied him a fair trial; 5) that he was denied the opportunity to present an important witness; and 6) that the Commonwealth Attorney made certain inflammatory remarks to the jury in his closing argument.

Respondent has filed a motion to dismiss the petition and has admitted exhaustion of state remedies by petitioner as to all his allegations save allegation number two (2) concerning the incriminating statement allegedly made before the Miranda warning was given. Because the court is of the opinion that this allegation is without merit, it will consider the allegation and assume that respondent waives the exhaustion requirement. The court allowed petitioner to proceed with this *pro se* action *in forma pauperis* by order dated November 4, 1974. The case was originally filed in the United States District Court for the Eastern District of Virginia and transferred to this court by order of that court dated October 31, 1974.

Petitioner was arrested on April 23, 1973, for the murder of his wife. On May 16, 1973, he was sent to Southwestern State Hospital for mental observation. On June 22, 1973, Southwestern State Hospital found that petitioner was mentally competent to stand trial. On August 2, 1973, a preliminary hearing was held in the District Court of the County of Alleghany which found that there was sufficient evidence upon which to certify the case to the Grand Jury. On August 22, 1973, the Grand Jury returned a true bill indicting Campbell for the murder of his wife. On December 27 and 28, 1973, Campbell was tried and convicted by a jury of first degree murder sentencing petitioner to forty years in the state penitentiary.

Petitioner's first allegation contends that the Commonwealth of Virginia had a constitutional duty to appoint at state expense a private psychiatrist to aid petitioner in the preparation of his insanity defense. In United States ex rel. Smith v. Baldi, 344 U.S. 561, 73 S.Ct. 391, 97 L.Ed. 549 (1953), the Supreme Court stated that a state does not have any constitutional duty to appoint a psychiatrist to aid an indigent defendant with his pretrial preparation. The Circuit Court for Alleghany County sent petitioner to the state mental hospital for psychiatric evaluation and this procedure satisfies all the constitutional duty upon a state in determining whether petitioner is capable of standing trial.

As regards petitioner's second allegation concerning the admission into evidence of an incriminating statement made to a police officer before the officer gave him a Miranda warning, the trial transcript indicates otherwise. Chief Deputy Leon Smith testified at trial that he had advised Campbell that he had the right to remain silent; that anything he said could be used against him; that he had the right to talk to an attorney; that if he could not afford an attorney, one would be appointed for him; and that if he decided to answer questions without an attorney present, he would still have the right to stop answering at any time. (Tr. 146–147). The court, therefore, holds that there is no factual basis for petitioner's second allegation.

Petitioner's third allegation claims that he was denied a speedy trial. After reviewing the case's history, the court cannot find any merit in petitioner's allegation. Although eight months passed between the date of petitioner's arrest and his conviction, two of these months were spent in evaluating petitioner's mental capacity, and at all times the case was proceeding in an orderly fashion toward its resolution. The petitioner makes no showing of prejudice save that the testimony of certain witnesses may have been stale. The

court concludes that petitioner was not denied a speedy trial.

■■ In his fourth allegation, petitioner contends that he was prejudiced by the unnecessary introduction of photographs of the murdered victim which were in color and extremely bloody. The use of such photographs in a state criminal trial does not enroach upon a specific constitutional right possessed by petitioner, and the use of these photographs does not produce any constitutionally cognizable prejudice and therefore provides no basis for federal habeas corpus relief. (See Walle v. Sigler, 456 F.2d 1153 (8th Cir. 1972).

■ Petitioner's fifth allegation concerns the refusal by the trial court ·to allow a witness called by defendant to testify. The court based its refusal on the finding that the testimony of Jerry Meadows was irrelevant. Meadows was prepared to testify that the victim had propositioned him as to a love affair but that at no time did Meadows convey this to the victim's husband, Campbell. Since the proposition was never conveyed to petitioner, Meadows' testimony in no way showed a mitigating circumstance in Campbell's actions. (Tr. 209–213). Therefore, this court finds no constitutional error in the state court's refusal to allow Meadows to testify.

Petitioner's final allegation concerns the Commonwealth Attorney's closing argument which petitioner alleges was inflammatory. After studying this closing argument (Tr. 278–282), this court finds no statements which rise to a constitutional deprivation of petitioner's rights upon which federal habeas corpus relief may be granted.

For the above reasons, the court orders that respondent's motion to dismiss be granted and orders the petition denied and dismissed. Petitioner is advised that he may appeal this judgment to the United States Court of Appeals for the Fourth Circuit within thirty (30) days of the date of this judgment.