**Bobby L. CRUM, Petitioner,**

v.

**STATE of Tennessee, Respondent.**

Court of Criminal Appeals of Tennessee.

Sept. 19, 1975.

Certiorari Denied by Supreme Court Nov. 3, 1975.

Donald J. Boarman, Johnson City, for petitioner.

R. A. Ashley, Jr., Atty. Gen., Etrula R. Trotter, Asst. Atty. Gen., Nashville, Lewis W. May, Dist. Atty. Gen., Mountain City, S. E. Widener, Asst. Dist. Atty. Gen., Johnson City, for respondent.

DWYER, Judge.

OPINION

The question presented in this appeal is whether an indigent is denied constitutional process when the trial court disallows his subpoenaing a private expert witness to determine his mental competency to stand trial.

The trial court dismissed his petitions for post conviction relief after an evidentiary hearing.

The petitioner is incarcerated as a result of entering guilty pleas to committing the offenses of violating the age of consent with punishment of confinement for not less than three nor more than ten years and for committing the offense of rape in two cases with resulting confinement of nine years. He was represented at his guilty pleas by the public defender who testified at the evidentiary hearing.

The evidence reflects that prior to petitioner's entering his pleas he had been examined at Central State and found not competent to stand trial. A jury was empaneled and petitioner was found to be presently insane. The petitioner was then committed under that directive to Central State and after a period of months he was certified by the doctors of that institution to be competent to stand trial.

On return to the Washington County Criminal Court after being fully advised by counsel of his options he elected to plead guilty.

We note the public defender, who testified at the hearing, was the moving force behind petitioner being committed to the hospital when on initial contact he found, upon conversing with petitioner, he was not oriented.

The public defender also testified that on petitioner's return after being found competent that petitioner could advise with him and was oriented. He further stressed that he had advised petitioner of all of his rights, and the full range of punishment that he could receive. He stated that the petitioner was advised that he could receive the lesser penalties on his pleading guilty and that petitioner had taken a couple of weeks to consider his options before entering the pleas. He acknowledged that his motion for the services of a private doctor was not renewed following petitioner's return after being found competent by the Central State Hospital doctors.

■ The trial court found that petitioner was not denied constitutional process in his not being allowed to subpoena a private psychiatrist. With this we agree.

The theory of petitioner to support his claim of denial of constitutional process is that the officials of Central State being employees paid by the state would cause them to slant their testimony in favor of the state. He then reasons that a person of means could obtain the services of a private doctor, therefore, he should as an indigent have the same right. However, *Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341; D.C., 341 F.Supp. 853, holds unequivocally that the state is under no obligation to indigents to match fully the legal arsenal available to a man of means.

Additionally, we think the premise of petitioner is tenuous in its best light for, if the court allowed process for a private doctor, the state would also be paying for his services.

We think the question presented here is without merit. See *Collins v. State,* Tenn. Cr.App., 506 S.W.2d 179, 187.

■ However, the controlling question, as we view the evidence in this record, is that the trial court found as a matter of fact and law petitioner's guilty plea was intelligently, knowingly and freely entered. Therefore, his guilty plea has foreclosed all non-jurisdictional defects, see *Little v. State,* 4 Tenn.Cr.App. 175, 469 S.W.2d 537. His findings are given the weight of a jury verdict here, see *Parker v. Russell,* 2 Tenn. Cr.App. 130, 136, 451 S.W.2d 722. We think the evidence supports that ruling.

The judgment of the trial court is affirmed.

WALKER, P. J., and JERMAN, Special Judge, concur.