Donald W. MORGAN, Appellant,

v.

YANCY COUNTY DEPARTMENT OF CORRECTIONS and State of North Carolina, W. D. Anderson, Supt., Appellees.

No. 74–1453.

United States Court of Appeals, Fourth Circuit.

Submitted Nov. 12, 1974.

Decided Oct. 2, 1975.

Donald W. Morgan, appellant, pro se.

Jacob L. Safron, Asst. Atty. Gen., for appellees.

Before HAYNSWORTH, Chief Judge, and FIELD and WIDENER, Circuit Judges.

PER CURIAM:

Donald W. Morgan, a North Carolina prisoner, seeks a certificate of probable cause to appeal from the action of the district court in denying his petition for habeas corpus relief. Morgan challenged his conviction for breaking and entering and larceny on three grounds. Two of the grounds are based upon his assertion that on two separate occasions he had been denied his constitutional right of access to the courts because court-appointed counsel had allegedly disobeyed a State court order to petition for a writ of certiorari in the United States Supreme Court. On his third ground the petitioner relies upon *Peters v. Kiff,* 407 U.S. 493, 92 S.Ct. 2163, 33 L.Ed.2d 83 (1972), asserting that as a Caucasian he had been denied the opportunity to challenge the selection of his juries upon the ground that they systematically discriminated against Negroes. The district court rejected each of petitioner's grounds and denied the writ.

I

One of the petitioner's "right of access to the court" claims relates to the failure of his court-appointed counsel to petition the United States Supreme Court after the North Carolina Supreme Court had denied review of his case on direct appeal. The other claim relates to counsel's failure to petition the Supreme Court following the petitioner's unsuccessful efforts to attack his conviction under state post-conviction procedures. The petitioner maintains that in each instance North Carolina law entitled him to court-appointed counsel to petition the Supreme Court and that his counsel appointed for that purpose had disregarded the court order requiring that certiorari be sought.

While the record contains factual grounds which would support a denial of relief on these allegations, we find the petitioner's contention answered by the recent decision in *Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). The Court in *Moffitt* held that there is no constitutional right to appointed counsel to seek discretionary review in either a state forum or the United States Supreme Court. We note that the provision of state law under which the petitioner claims a right to appointed counsel for discretionary appeal was amended in 1973 to apply only to appeals of right. N.C. Gen. Statute § 7A–451(b)(6) (Michie 1974 Cum.Supp.). We also note that the only pre-amendment judicial interpretation construed it as inapplicable to appeals of a discretionary nature.[1] It appears clear, therefore, that the petitioner was not entitled to appointed counsel for his discretionary appeals under either the North Carolina statute or Federal constitutional law.

II

In regard to the petitioner's challenge of the jury selection process, the decision in *Peters v. Kiff, supra,* affords him no basis for relief since we agree with the district court that the decision

---

1. *Moffitt v. Blackledge,* 341 F.Supp. 853 (W.D. N.C.1972). Although that case was appealed to this court and was ultimately considered by the Supreme Court *sub nom. Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), the statute itself was construed only at the district court level.

in that case is of prospective application only. *See Watson v. United States,* 484 F.2d 34 (5 Cir. 1973), *cert. denied,* 416 U.S. 940, 94 S.Ct. 1944, 40 L.Ed.2d 291 (1974).

Accordingly, while a certificate of probable cause is granted the judgment of the district court is affirmed.

*Affirmed.*