**STATE of Tennessee, Appellant,**

v.

**Robert PATTY, Appellee.**

Court of Criminal Appeals of Tennessee.

Dec. 29, 1977.

Certiorari Denied by Supreme Court April 17, 1978.

Brooks McLemore, Jr., Atty. Gen., Linda Ross Butts, Asst. Atty. Gen., Nashville, B. Rex McGee, Randall E. Nichols, Asst. Dist. Attys. Gen., Knoxville, for appellant.

Ray E. Cate, Knoxville, for appellee.

## OPINION

WALKER, Judge.

The state appeals from the order of the trial judge overruling its motion for further psychiatric examination of the appellee, Robert Patty, and from the trial judge's subsequent determination that Patty is incompetent to stand trial. The question presented by the sole assignment of error is whether or not the trial judge abused his discretion by refusing to order further examination by a private psychiatrist of the state's choice after the staff of Central State Hospital had found the appellee incompetent to stand trial and in need of judicial hospitalization. We hold that he did not.

Following Patty's arrest on May 11, 1976, for shooting five people, resulting in three deaths, his appointed counsel filed a motion for immediate psychiatric evaluation. This motion was granted, it being ordered in accordance with TCA 33–708(a) that Patty be examined by the authorities at the Helen Ross McNabb Center to determine his present mental condition and his mental capacity at the time of the alleged offenses. After Patty's examination there, the state joined in the defense motion that the accused be hospitalized at Central State Hospital for further evaluation. This was granted on June 3, it appearing that two physicians at the Helen Ross McNabb Center had certified that Patty needed further evaluation and treatment. On July 2 Patty was indicted on three charges of first degree murder and two charges of felonious assault.

On September 13 the state filed a motion that the accused be transferred from Central State Hospital to the Knox County Jail for evaluation by independent psychiatric experts and for a hearing on his competency to stand trial. The appellee opposed the motion, asserting that there was no procedure or authority requiring him to submit to a mental examination by a psychiatrist hired by the district attorney general. He simultaneously petitioned for judicial hospitalization proceedings under TCA 33–708(b) and 33–604.

The court initially sustained the state's motion for independent evaluation and set a hearing for December 16. It appears that the court selected the names of three psychiatrists, one name being stricken by the state and one by the accused. The remaining psychiatrist, who was to examine Patty, notified the state that he was unable to perform the examination. Then, on March 2, 1977, the state moved that the court order that the accused be examined by Dr. Kenneth B. Carpenter, a private psychiatrist who had examined him the day of the alleged offenses.

At the hearing of the motion on April 21, 1977, the court reversed its previous position and held that the state had no right to further independent evaluation. The court held that the district attorney general had no authority to designate a psychiatrist and that the court had fully complied with all the mandatory requirements of the statutes.

The court then heard the petition for judicial hospitalization. Dr. Frank Luton, assistant superintendent for clinical services at Central State Hospital, testified that in his opinion, drawn from various sources, Patty was incompetent to stand trial; he should be hospitalized in a locked ward and also compelled to take his prescribed medication. This opinion was based on the thorough and extensive examination of Patty by Dr. Luton and the staff at Central State Hospital over a period of about nine months.

The state introduced into evidence two letters, the first being one addressed to the district attorney general from Dr. Carpenter, whose opinion after a two-hour interview with Patty on May 11, 1976, was that he was capable of following his attorney's advice and that he understood right from wrong then as well as at the time of the offenses. The second letter, dated May 26, 1976, was to the court from John Hutson, a clinical psychologist at Helen Ross McNabb Center, giving his opinion that Patty was probably competent to stand trial, but that Patty was seriously mentally disturbed and in need of examination and treatment at Central State Hospital.

In the record before the trial judge, there is also much correspondence between the accused and various governmental agencies reflecting his disturbed mental condition. Patty's hospital and medical records are also included as exhibits. The evidence overwhelmingly supports the trial judge's finding that Patty is incompetent to stand trial and needs judicial hospitalization.

The state does not dispute the sufficiency of the evidence to sustain the trial judge's holding that Patty was incompetent to stand trial and should be hospitalized, but it insists that the trial judge abused his discretion in not allowing further evaluation by Dr. Carpenter, and that for this reason Patty's competence to stand trial should be redetermined by the trial court with the aid of this further evaluation.

The precise question presented here has not been decided in this state. Our courts have considered the opposite situation where a defendant, often indigent, seeks private experts to testify in his behalf. Denying such a request in *Graham v. State,* 547 S.W.2d 531 (Tenn.1977), our Supreme Court pointed out that TCA 33–708 is discretionary and does not contemplate the employment of a private practitioner; there is no statutory sanction for the employment of a private psychiatrist at state expense. *See also Crum v. State,* 530 S.W.2d 103 (Tenn.Crim.App.1975); *Collins v. State,* 506 S.W.2d 179 (Tenn.Crim.App.1973).

 The trial judge here correctly held that the state's application for further evaluation by a private psychiatrist named by the state is unauthorized by statute and, under the facts presented in this record, he did not abuse his discretion by declining to appoint the private psychiatrist desired by the district attorney general.

Affirmed.

TATUM and BYERS, JJ., concur.