Jessie Wayne SATTERFIELD, Appellant,

v.

Robert F. ZAHRADNICK, Superintendent of the Virginia State Penitentiary, Appellee.

No. 76–2447.

United States Court of Appeals, Fourth Circuit.

Argued June 7, 1977.

Decided Jan. 23, 1978.

Certiorari Denied May 22, 1978.

See 98 S.Ct. 2270.

Winter, Circuit Judge, filed specially concurring opinion.

Randall H. Bryant, II, Third Year Law Student (Michael E. Geltner, Appellate Litigation Clinic, Georgetown University Law Center, Washington, D. C., on brief), for appellant.

K. Marshall Cook, Asst. Atty. Gen., Richmond, Va. (Anthony F. Troy, Atty. Gen. of Va., Richmond, Va., on brief), for appellee.

Before WINTER, RUSSELL and WIDENER, Circuit Judges.

WIDENER, Circuit Judge:

Jessie Wayne Satterfield was convicted in a nonjury trial of first degree murder, and sentenced to a life term. After unsuccessfully appealing to the Virginia Supreme Court and failing to obtain State post-conviction relief, he sought a writ of habeas corpus in the United States District Court for the Eastern District of Virginia. The district court denied relief, and Satterfield appeals, claiming that his constitutional rights were violated at trial in the following instances: (1) the court's refusal to appoint a private psychiatrist at State expense to aid in the development of an insanity defense; (2) the prosecutor's comment in closing argument on Satterfield's failure to testify in his own behalf regarding an assertion of self-defense; (3) the application of Virginia's presumptions of malice and premeditation in murder prosecutions, and the allocation of the burden of proof of self-defense to the defendant; and (4) the admission into evidence of allegedly involuntary, incriminating statements made by the accused to the police. We discuss each of these contentions, and conclude that the district court's denial of habeas corpus relief should be affirmed.

■ We first consider whether, in light of Virginia's statutory provision for committing a criminal defendant to a State mental facility for examination and observation, *Va. Code Ann.* § 19.1–228, a further constitutional duty devolves upon the State to appoint a private psychiatrist at State expense for the benefit of indigent defendants. We cannot agree that such a duty exists. Whatever may be the extent of an indigent's right to an impartial psychiatric evaluation to enable him to place the issue of insanity before the trial court, see *U. S. ex rel. Smith v. Baldi,* 344 U.S. 561, 568, 73 S.Ct. 391, 97 L.Ed. 549 (1953), we are of opinion, on authority, that there exists no constitutional right to the appointment of a private psychiatrist of the defendant's own choosing at public expense. *McGarty v. O'Brien,* 188 F.2d 151 (1st Cir. 1951); see *Proctor v. Harris,* 134 U.S.App.D.C. 109, 413 F.2d 383 (1969).

■ Satterfield was examined by psychiatrists at Central State Hospital pursuant to § 19.1–228, and found competent to stand trial. In addition, he was diagnosed as being criminally responsible at the time the murder was committed. No challenge is made to the objectivity or competence of the examining psychiatrists; the assertion that their report was incomplete and erroneous appears to be little more than a reference to an inconsistency between the report and the testimony of a physician called by the defense who never examined Satterfield. We are satisfied that the statutory procedure provided an adequate opportunity to place any issues pertaining to the mental condition of the accused before the trial court. See *Campbell v. Superintendent,* 386 F.Supp. 778 (W.D.Va.1974), aff'd 539 F.2d 705 (4th Cir. 1976) (unpublished opinion); *Houghtailing v. Commonwealth,* 209 Va. 309, 163 S.E.2d 560 (1968).[1] No more is required. See *Smith v. Baldi,* supra. This is especially true when we consider that the defense physician testified for the defendant, while the report of the psychiatrists was not submitted into evidence against him, as was not their testimony.

It is worth noting that placing the burden of proof of insanity on a criminal defendant does not violate the rule of *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), that the State proved beyond a reasonable doubt all elements of the offense charged. See *Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977); *Rivera v. Delaware,* 429 U.S. 877, 97 S.Ct. 226, 50 L.Ed.2d 160 (1976) (appeal dismissed for want of a substantial federal question).

1. Satterfield points out that, because the Central State Hospital report was not introduced into evidence, there was no evidence of either his mental competency to stand trial or his criminal responsibility in the record. Be that as it may, Satterfield bore the burden of proof on these issues under Virginia law, *Bloodgood v. Commonwealth,* 212 Va. 253, 183 S.E.2d 737 (1971); so the absence of evidence would not inure to his benefit. One must assume that, had the Central State report been favorable to the defendant's position, he would have introduced it into evidence at trial or called those physicians as witnesses.

■ The Commonwealth's attorney, in his closing argument, referred to Satterfield's failure to take the stand to testify in support of his claim of self-defense. While we have serious doubts that the rule of *Griffin v. California*,[2] 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), would obtain in a trial to the bench, we dispose of this claim on another ground.

■ Counsel for the defendant failed to object to the argument at the time it was made, as is required by Virginia law. *Russo v. Commonwealth*, 207 Va. 251, 256–57, 148 S.E.2d 820 (1966), cert. denied, 386 U.S. 909, 87 S.Ct. 855, 17 L.Ed.2d 782 (1967). Errors at trial not objected to, in contravention of State contemporaneous objection rules, are not cognizable in federal habeas corpus proceedings, absent a showing of cause for non-compliance and prejudice. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Here, the record reveals that no objection was made by Satterfield's attorney deliberately and out of a real concern that an objection made at that time might have had the practical effect of prejudice to the accused. We need not attempt to place precise limits on the meaning of cause to observe that this type of calculated, tactical trial decision has never been held to avoid the preclusive effect of State procedural defaults in subsequent federal habeas proceedings. See *Henry v. Mississippi*, 379 U.S. 443, 451, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965); *Fay v. Noia*, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

■ Raised for the first time on appeal is the contention that two presumptions under Virginia law, which petitioner now claims were applied to him, a presumption of malice from an unlawful homicide and of premeditation from use of a weapon in prior possession of the accused, unconstitutionally shifted the burden of proof to the defendant with respect to essential elements of the crime of first degree murder. See *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (U.S. June 17, 1977); *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). Also raised for the first time in this court is the similar claim that the defendant was unconstitutionally required to bear the burden of proof on the issue of self-defense.

We decline to consider these contentions, which are raised for the first time on appeal, having been considered by neither the State courts nor the district court. 28 U.S.C. § 2254; *McGowan v. Gillenwater*, 429 F.2d 586 (4th Cir. 1970).

■ Finally, we reject Satterfield's assertion that oral and written confessions introduced into evidence against him were involuntary, and hence inadmissible under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). It is conceded that Satterfield was read his *Miranda* rights prior to the making of both statements to the police, and that he signed a written waiver of those rights. His testimony at the hearing to determine voluntariness acknowledged that he was informed of his rights and disclaimed that his statements were induced by either force or promises on the part of the police.

Faced with this considerable evidence of voluntariness and nothing to indicate the contrary, the trial judge concluded that, absent some evidence in support of the claim of involuntariness, which the defense intended to put on at a later time when its medical witness would be available, the confession would be considered admissible. No improper presumptions were employed. Since this was a non-jury trial, the judge should be presumed to disregard the confes-

---

**2.** *Griffin* holds that a criminal defendant's Fifth Amendment right to remain silent is unconstitutionally infringed when the jury is told by the court that adverse inferences may be drawn against the defendant from his failure to take the stand in his own behalf.

While such a comment may influence a jury to a degree beyond the reach of a curative instruction, a trial judge is well aware that no inferences are to be drawn from a defendant's failure to testify and can be presumed to disregard any improper comments to the contrary. The record here shows that the judge did notice the comment and weighed it against the Commonwealth rather than against the prisoner.

sions if he later became convinced that they had been improperly admitted into evidence. As it turned out, the defendant's evidence on the question of voluntariness obviously failed to impress the judge to this extent, and his decision was amply supported by the evidence.

*AFFIRMED.*

WINTER, Circuit Judge, specially concurring:

I concur in the result and I concur in most of the majority opinion. I would, however, place the determination that the prosecutor's reference to Satterfield's failure to testify in support of his claim of self-defense did not invalidate his conviction upon a somewhat different ground.

Satterfield was tried non-jury. While his counsel failed to object to the prosecutor's statement at the time that it was made, he made a delayed objection later in the day after the trial court had returned a guilty verdict. Even if *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), is not limited in its application solely to jury trials, the record in the instant case shows beyond peradventure of doubt that any violation of *Griffin* did not prejudice Satterfield. This conclusion follows from the response of the trial judge to Satterfield's counsel's objection to the prosecutor's comment. The trial judge said:

> [A]t the time I immediately erased [the prosecutor's comment] from my mind because as a matter of fact if it had any effect, it had the effect of militating in favor of [Satterfield] because I was aware that such comment should not be made and, therefore, it had a backlash effect, if it had any effect whatever. I purposely kept that out of my mind.

In my view, there is thus no need for us to undertake to fathom the "prejudice" and "cause" exception to the contemporaneous objection rule stated in *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Especially is this so since the Supreme Court has stated that it will undertake to define these concepts in an appropriate case. 433 U.S. at 87, 97 S.Ct. 2497.