977 F.2d 573
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Leon David ORGAN, Jr., Plaintiff-Appellant,
v.
Eugene M. GRIZZARD; Attorney General of Virginia,
Defendants-Appellees.
 No. 92-6662.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 21, 1992
Decided: October 22, 1992
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke.
 Leon David Organ, Jr., Appellant Pro Se.
 Katherine Baldwin Toone, Office of the Attorney General of Virginia, Richmond, Virginia, for Appellees.
 W.D.Va.
 DISMISSED.
 Before WIDENER and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Leon David Organ, Jr., appeals from the district court's order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1988). Organ alleges ineffective assistance of counsel at sentencing and on appeal. Because we find Organ's claims meritless, we deny a certificate of probable cause to appeal and dismiss the appeal.
 
 
 2
 Organ is being detained pursuant to a July 1989 judgment of the Circuit Court of the City of Lynchburg, where he pled guilty to possession of cocaine with intent to distribute and possession of a firearm while in possession of cocaine. He was sentenced to thirty years and five years in prison, respectively.
 
 
 3
 Organ petitioned for appeal of his conviction and sentence in the Court of Appeals of Virginia. The petition was dismissed because the transcript from the sentencing hearing was not timely filed. Organ next filed a petition for a writ of habeas corpus in the Virginia Supreme Court. That petition was dismissed based upon Organ's guilty pleas.
 
 
 4
 Organ filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court dismissed the appeal as meritless.
 
 
 5
 Organ alleges ineffective assistance of counsel at two stages of the state proceedings. First, Organ alleges ineffective assistance of counsel at his sentencing hearing. Organ avers that the prosecutor made three improper and prejudicial remarks to the sentencing judge. Organ concedes that his counsel immediately objected to the remarks and that the court sustained the objections. Organ contends, however, that counsel failed to move for withdrawal of Organ's guilty pleas, either at the sentencing hearing of after imposition of the sentence.
 
 
 6
 Second, Organ alleges ineffective assistance of counsel during the state appeal process, in that counsel failed to file the hearing transcript in a timely manner. The Virginia Court of Appeals dismissed Organ's appeal because the transcript was not timely filed.
 
 
 7
 Organ must meet a two-part test to show ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, Organ must show that counsel's performance was deficient and fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688. Second, Organ must show prejudice to his defense. Id. at 687. In meeting the prejudice prong, Organ must show a reasonable probability that, but for counsel's errors, there is a reasonable probability that Organ would have pled not guilty and insisted on a trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985) (applying Strickland to guilty pleas).
 
 
 8
 Organ fails to show that counsel's performance was constitutionally deficient. Organ admits that his attorney objected to the improper remarks during the hearing. The sentencing judge sustained the objections and stated that he would disregard the improper evidence when imposing sentence. Judges are presumed to disregard incompetent, inadmissible evidence. Satterfield v. Zahradnick, 572 F.2d 443, 446 n.2 (4th Cir.), cert. denied, 436 U.S. 920 (1978).
 
 
 9
 Furthermore, there is no absolute right in Virginia to withdraw a guilty plea in the absence of certain circumstances not present in this case. Va. Code Ann. § 19.2-296 (Michie 1990). See also Holler v. Commonwealth, 265 S.E.2d 715 (Va. 1980); Lilly v. Commonwealth, 243 S.E.2d 208 (Va. 1978). Organ alleges no facts to support a claim of manifest injustice in the plea process.
 
 
 10
 Moreover, improper prosecutorial remarks during the sentencing of a guilty plea cannot support a request to withdraw the plea because the determination of a guilty plea's validity is separate from the determination of sentencing. Va. S. Ct. R. 3A:8.
 
 
 11
 Organ pled guilty and the court accepted his pleas as voluntarily and intelligently made. Counsel was under no obligation to seek withdrawal of the pleas where no basis to do so existed. Therefore, Organ's claim of ineffective assistance of counsel at sentencing is without merit.
 
 
 12
 Organ also alleges ineffective assistance of counsel on appeal from his conviction and sentence. Although his attorney filed a timely notice of appeal, he failed to file the sentencing hearing transcript in a timely manner, causing dismissal of the appeal.
 
 
 13
 Failure to perfect a discretionary state appeal does not constitute ineffective assistance of counsel since the defendant has no constitutional right to pursue the appeal. Wainwright v. Torna, 455 U.S. 586 (1982); Morgan v. Yancy County Dep't of Corrections, 527 F.2d 1004 (4th Cir. 1975). Therefore, we must determine whether Organ had a right to appeal the conviction based upon his guilty pleas.
 
 
 14
 Under Virginia law, a criminal defendant has no right to appeal a conviction that is based on his guilty plea. Beaver v. Commonwealth, 352 S.E.2d 342 (Va. 1987). Absent a claim of jurisdictional defect, a conviction based upon a guilty plea cannot be appealed. Id.; Peyton v. King, 169 S.E.2d 569 (Va. 1969).
 
 
 15
 Organ alleges no jurisdictional defects, nor does he challenge the validity of his guilty pleas. Organ has not shown that his sentences would have been vacated or his convictions overturned had counsel not erred. Therefore, Organ's request for habeas relief must be denied. Accordingly, we deny leave to proceed in forma pauperis, deny a certificate of probable cause to appeal, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 DISMISSED