46 F.3d 1122
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jenis Walter BRANCH, Petitioner-Appellant,
v.
Edward MURRAY, Respondent-Appellee.
 No. 94-6432.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 30, 1994.
Decided Dec. 28, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CA-94-77)
 Jenis Walter Branch, Appellant Pro Se.
 E.D.Va.
 AFFIRMED.
 Before HALL and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Jenis Walter Branch appeals from the district court's denial of his 28 U.S.C. Sec. 2254 (1988) habeas petition.
 
 
 2
 Branch filed this Sec. 2254 petition claiming that he was denied effective assistance of counsel and the right to appeal. He was convicted in a circuit court of Virginia. His retained trial counsel entered a notice of appeal as well as a motion to withdraw as counsel. The court appointed a public defender to represent Branch on appeal to the Virginia Court of Appeals.
 
 
 3
 Branch alleged that he met with the appellate attorney on a few occasions, and at each meeting Branch instructed the attorney that he wanted to appeal any negative ruling all the way to the Supreme Court of Virginia. The appellate attorney perfected Branch's appeal to the Court of Appeals of Virginia. The Court of Appeals denied Branch's appeal. After the appellate attorney was notified by the court that Branch's appeal was denied, the attorney wrote a series of letters to addresses that Branch no longer resided at. Branch claimed he never received or responded to any of these correspondences.
 
 
 4
 According to Branch, he was on bond pending the Virginia Court of Appeals' ruling, and his residence changed numerous times in the ensuing fourteen months. Branch maintained that he had no further contact with his appellate attorney, but had a reasonable expectation that the attorney would follow all the instructions Branch had given him in their past meetings. Branch's appellate attorney failed to perfect an appeal to the Supreme Court of Virginia; Branch claimed he was prejudiced by his attorney's failure.
 
 
 5
 The district court initially dismissed Branch's petition for failing to exhaust both claims. Branch, however, submitted to the district court a document entitled "Motion to Rehear" and proof that he had exhausted both of his claims in the state courts, which consisted of a dismissal order by the Supreme Court of Virginia. The Supreme Court of Virginia's order stated that Powers "was not ineffective for failing to file a timely petition for appeal in this Court since he made reasonable attempts to contact the petitioner in this regard, without response" and denied Branch's state habeas petition.
 
 
 6
 The district court construed Branch's motion as a request to reopen the case and found that the claims were both exhausted. The district court further found that the Supreme Court's ruling was binding on the court, and accordingly, reinstated the action and denied the petition. Branch appealed the district court's ruling.
 
 
 7
 Pursuant to 28 U.S.C. Sec. 2254(d) (1988), a determination on the merits of a factual issue made by a state court after a hearing, in a proceeding to which the applicant for the writ and the State were parties, must be presumed to be correct. Furthermore, the state court's finding of fact may be adopted from proposed findings of fact submitted by one of the parties, where the state habeas court conducts a thorough and independent review of the proposed findings. Maynard v. Dixon, 943 F.2d 407, 416 n. 6 (4th Cir.1991). Thus, in this case, the Supreme Court of Virginia's factual finding that Powers "made reasonable attempts to contact" Branch is presumptively correct in a federal court.
 
 
 8
 Claims of ineffective assistance of counsel, however, involve mixed questions of law and fact; therefore, this Court must review such questions de novo. Strickland v. Washington, 466 U.S. 668, 698 (1984); Washington v. Murray, 952 F.2d 1472, 1476 (4th Cir.1991); see Wright v. West, 60 U.S.L.W. 4639 (U.S.1992) (declining to apply Sec. 2254(d) presumption of correctness to mixed questions of law and fact). Whether Branch's counsel fulfilled his duty to Branch is a mixed question of law and fact, especially in light of Branch's claim that he consistently instructed counsel to appeal any adverse rulings all the way to the Supreme Court of Virginia. Determining the parameters of counsel's duty to Branch in light of Branch's instructions is a legal question. In other words, even accepting the state court's conclusion that Branch's counsel made reasonable efforts to contact Branch, those efforts may not have satisfied Branch's counsel's duty to effectively represent Branch in light of Branch's specific instructions regarding appeals. Thus, the Supreme Court of Virginia's conclusion that Branch's counsel rendered effective assistance of counsel is not entitled to a presumption of correctness, and a federal court must consider the ineffective assistance claim de novo.
 
 
 9
 Because the issue of effective assistance of counsel is a mixed question of law and fact, the district court erred in relying solely on the state court's factual finding; the petition should not have been denied on this ground. Becton v. Barnett, 920 F.2d 1190, 1192 (4th Cir.1990). We find, however, that the district court nevertheless properly denied the petition.
 
 
 10
 The failure of a state defendant's counsel to pursue a discretionary appeal does not give rise to a constitutional claim. See Wainwright v. Torma, 455 U.S. 586 (1982); Morgan v. Yancy County Dep't of Corrections, 527 F.2d 1004 (4th Cir.1975). Review by the Supreme Court of Virginia is in the discretion of that court. Va.Code Ann. Sec. 17-116.08 (Michie 1988). In this case, because Branch did not have a constitutional right to counsel to pursue an appeal to the Supreme Court of Virginia, he could not have been deprived of the effective assistance of counsel by his counsel's failure to file a timely appeal to that court. Wainwright, 455 U.S. at 587-88. Therefore, the dismissal of Branch's habeas petition was proper.
 
 
 11
 Accordingly, we grant a certificate of probable cause to appeal and affirm the district court's order dismissing Branch's habeas petition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 12
 AFFIRMED.