# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 11th day of April, 2019.*

PRESENT: All the Justices

Sherman Brown,                                                                                   Petitioner,

 against                             Record No. 161421

Bernard W. Booker, Warden, Green Rock Correctional Center,                 Respondent.

Upon a Petition for a Writ of Habeas Corpus

Upon consideration of the petition for a writ of habeas corpus, the respondent's motion to dismiss, and the record, the Court is of the opinion that the motion should be granted and the petition should be dismissed.

## I. BACKGROUND AND MATERIAL PROCEEDINGS

On May 25, 1970, Sherman Brown was convicted by a jury of the murder of a four-year-old child and was sentenced to death. This Court affirmed Brown's conviction, holding it was amply supported by the evidence, and affirmed his sentence. *Brown v. Commonwealth*, 212 Va. 515 (1971). In 1973, after his death sentence was vacated as a result of *Furman v. Georgia*, 408 U.S. 238 (1972), Brown was resentenced by a jury to life imprisonment.

In 2016, Brown filed a petition for a writ of actual innocence pursuant to Code §§ 19.2-327.1 to -327.6, which govern writs of actual innocence based on biological evidence. We dismissed Brown's petition, holding the Court had no authority to issue a writ of actual innocence based on the DNA test results proffered by Brown, because the tests were conducted by a private laboratory and were not certified by the Commonwealth's Department of Forensic Science. *In re: Brown*, 295 Va. 202, 226 (2018). Further, even if the Court were authorized to consider the private laboratory's results, Brown failed to prove by clear-and-convincing evidence that no rational factfinder would find him guilty of murder in light of the totality of the evidence before the Court. *Id.* at 229.

Simultaneous with the filing of his petition for a writ of actual innocence, Brown submitted the present petition for a writ of habeas corpus. Brown asserts that new evidence, based on advances in forensic science, reveals flaws in hair and fiber evidence admitted at his trial and that new DNA evidence, the same evidence relied upon in his petition for a writ of actual innocence, exculpates him. Brown contends the admission of flawed hair and fiber evidence violated his right to a fair trial. Brown acknowledges his petition is untimely under Code § 8.01-654(A)(2) (governing time for filing habeas corpus petitions attacking a criminal conviction or sentence). However, Brown asserts that, if applied to him, this statutory limitation period would violate the bar against suspension of the writ of habeas corpus as set forth in the Suspension Clause of Article I, Section 9 of the Constitution of Virginia, because his claims are based on newly-discovered evidence and could not have been brought within the time permitted under the statute. We agree with Brown's concession that his petition is untimely under Code § 8.01-654(A)(2), but reject his argument that the limitation period violates the Suspension Clause and dismiss the petition.

## II. ANALYSIS

Since 1998 Code § 8.01-654(A)(2) has provided that a habeas corpus petition attacking a criminal conviction or sentence, as here, must "be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later."[1] However, because Brown was convicted before July 1, 1998, when the statute became effective, he had until July 1, 1999, to file a timely petition for a writ of habeas corpus. *See Haas v. Lee*, 263 Va. 273, 277 (2002) (petitioners convicted prior to the effective date of Code § 8.01-654(A)(2) afforded one year from effective date to file petition for writ of habeas corpus). Brown did not file his habeas petition until October 7, 2016, long after the limitation period expired.

---

[1] Code § 8.01-229 provides for tolling of the limitation period for reasons not applicable here. *See Hicks v. Dir., Dep't of Corr.*, 289 Va. 288, 298 (2015) (failure to disclose exculpatory evidence may toll limitation period pursuant to Code § 8.01-229(D)).

Brown argues that the Suspension Clause bars application of the statute of limitations to his petition because his claims, based on allegedly newly discovered evidence, could not have been brought within the limitation period. Assuming without deciding that Brown's claims could not have been brought before the limitation period expired, we reject his argument that the statutory limitation period operates as a suspension of the writ of habeas corpus in contravention of Article I, Section 9 of the Constitution of Virginia.[2]

The Suspension Clause states that "the privilege of the writ of habeas corpus shall not be suspended unless when, in cases of invasion or rebellion, the public safety may require." Va. Const. art. I, § 9. The Court has not previously addressed whether a particular statutory provision constitutes suspension of the writ. In addressing the issue now, we look to the limited subject matter to which habeas corpus review extended when our Suspension Clause was first adopted and conclude statutory limits on Brown's ability to raise his present claims are constitutional. *See Edwards v. Vesilind*, 292 Va. 510, 524 (2016) (Interpreting the Speech and Debate Clause and stating that "[t]he Clause was not introduced into the Constitution of Virginia devoid of history or context, nor should it be interpreted as if it had.").

At common law, a "habeas court's role was most extensive in cases of pretrial and noncriminal detention, where there had been little or no previous judicial review of the cause for detention." *Boumediene v. Bush,* 553 U.S. 723, 780 (2008). As particularly relevant here, its use as a post-conviction remedy was limited to challenging the jurisdiction of the sentencing court. *Felker v. Turpin*, 518 U.S. 651, 663-64 (1996). In England, the use of the writ for those "detained for criminal or supposed criminal matters was defined and regulated by the Habeas Corpus Act of 1679." *See* 1 A.E. Dick Howard, Commentaries on the Constitution of Virginia 160 (1974).

The writ was available in Virginia prior to 1830 but did not gain constitutional protection in Virginia until the Suspension Clause appeared as Article III, Section 11 of

---

[2] Although Brown asserts he could not have discovered his claim before 2015, we note that many of the advances in forensic science upon which Brown relies were available prior to 1999. Indeed, Brown cites to studies from 1988 and 1997 in support of his argument that the fiber evidence at his trial was flawed.

the Constitution of 1830.[3]  Although there "is little available evidence to cast light on the meaning of" the Clause, *id.* at 165, by the time it was adopted, the scope of the writ, insofar as it lay to challenge the validity of a criminal conviction, remained as it did at common law, limited to challenging the jurisdiction of the sentencing court.  As this Court explained:

> The writ of habeas corpus is not a writ of error.  It deals, not with mere errors or irregularities, but only with such radical defects as render a proceeding absolutely void.  It brings up the body of the prisoner with the cause of his commitment, and the court can inquire into the sufficien[cy] of that cause; but, if he be detained in prison by virtue of a judgment of a court of competent jurisdiction, that judgment is in itself sufficient cause.  An imprisonment under a judgment cannot be unlawful unless that judgment be an absolute nullity, and it is not a nullity if the court or magistrate rendering it had jurisdiction to render it.

*Ex Parte Marx*, 86 Va. 40, 43-44 (1889); s*ee also Swain v. Pressley*, 430 U.S. 372, 384–85 (1977) (Burger, C. J., concurring) ("The scope of the writ during the 17th and 18th centuries has been described as follows:  [O]nce a person had been convicted by a superior court of general jurisdiction, a court disposing of a habeas corpus petition could not go behind the conviction for any purpose other than to verify the formal jurisdiction of the committing court.") (quoting Oaks, Legal History in the High Court - Habeas Corpus, 64 Mich. L. Rev. 451, 468 (1966)); *State ex rel. Glover v. State*, 660 So. 2d 1189, 1196 (La. 1995) ("Traditionally, the writ of habeas corpus was used to:  (1) insure that necessary pre-trial procedures were followed; (2) examine whether the person had been committed pursuant to judicial process; and (3) ascertain whether the committing court had jurisdiction.") (citations omitted) abrogated on other grounds by *State ex rel. Olivieri v. State*, 779 So.2d 735, 741-42 (La. 2001).  Of course, were Brown challenging the jurisdiction of the circuit court to convict or sentence him that claim remains cognizable in a petition for a writ of habeas corpus without regard to the limitation period.  *See Singh v. Mooney*, 261 Va. 48, 52 (2001) (an order that is void ab initio for lack of jurisdiction may be challenged "anywhere, at any time, or in any manner.").

---

[3] In the initial iteration, the Clause did not include an "unless" clause.  That was adopted in the Reconstruction revision of 1867-68, and the Clause was moved to its current location in Article I in 1969.  *Id.* at 164-65.

Here, however, Brown challenges only the reliability of the evidence adduced at his trial – not the subject matter jurisdiction of the sentencing court to address his case – and he attempts to present new evidence which, he contends, shows he is actually innocent. The use of the writ to challenge non-jurisdictional claims of the sort alleged by Brown was unknown to the drafters of our Suspension Clause, and they could not have intended to protect a convicted prisoner's ability to raise them. *See Felker*, 518 U.S. at 663 (noting "[t]he writ of habeas corpus known to the Framers was quite different from that which exists today"). Accordingly, Brown's inability to now question and present new evidence bearing on his factual guilt or innocence does not violate the Suspension Clause.

In so holding, we join numerous other states which have rejected similar challenges to their own limitation periods. *See Flanigan v. State*, 3 P.3d 372, 374-76 (Alaska Ct. App. 2000) (rejecting petitioner's argument that habeas time bar violated Alaska Constitution because petitioner did not plead a claim within scope of common law writ, which permitted challenges to convictions only on grounds of lack of jurisdiction); *Glover*, 660 So. 2d at 1196 (holding limitation period on application for post-conviction relief did not "suspend the writ of habeas corpus because 'suspension,' insofar as . . . this state's constitution is concerned, refers to suspension of the traditional common law writ of habeas corpus"); *In re Pers. Restraint of Runyan*, 853 P.2d 424, 429-32 (Wash. 1993) (limitation period not unconstitutional suspension of writ where exception existed for void convictions, which was sufficient to preserve narrow constitutional scope of habeas relief, which was limited to scope of writ as it existed at common law); *cf. Potts v. State*, 833 S.W.2d 60, 61-62 (Tenn. 1992) (stating purpose of writ is to challenge void judgments and habeas corpus cannot be used to collaterally attack a facially valid conviction; thus, limitation period for filing a petition for post-conviction relief pursuant to state statute, which permitted petitioners to challenge convictions as void or voidable due to a constitutional violation, could not violate suspension clause); *Passanisi v. Director, Nev. Dep't of Prisons*, 769 P.2d 72, 74 (Nev. 1989) (rejecting suspension clause challenge to prerequisite for filing habeas corpus petition because "[t]he legislature may . . . impose a reasonable regulation on the writ of habeas corpus, so long as the traditional efficacy of the writ is not impaired").

5

Finally, to the extent Brown attempts to raise a freestanding claim of actual innocence or argue his innocence should exempt him from the limitation period, we reject both contentions. Habeas corpus is not a vehicle for raising claims of actual innocence, nor does the statute of limitations include any exception for claims of innocence. Even if such an exception existed, we previously rejected Brown's actual innocence claim. *See Brown*, 295 Va. at 234. Nothing in Brown's present petition persuades us that we should revisit that decision.

Accordingly, the petition is dismissed.

*Dismissed.*

This order shall be published in the Virginia Reports.

A Copy,

Teste:

Douglas B. Robelen, Clerk

6